Smith v. McKean, Administrator, et al.

No. 11,338.

SMITH v. McKEAN, ADMINISTRATOR, ET AL.

| | |
|---|---|
| 99 | 101 |
| 130 | 106 |
| 99 | 101 |
| 134 | 605 |
| 135 | 808 |
| 99 | 101 |
| 137 | 288 |
| 139 | 278 |
| 99 | 101 |
| 140 | 298 |
| 99 | 101 |
| 152 | 137 |
| 99 | 101 |
| 165 | 654 |

SPECIAL FINDING.—*Exceptions.*—*Practice.*—Where the court finds the facts specially and states conclusions of law thereon, exceptions to the latter, not taken until after a motion for a new trial has been made and overruled, come too late to present any question.

SAME.—*Modification of Judgment.*—In such case, a motion to modify the judgment so that it would be inconsistent with the conclusions of law should be overruled.

JUDGMENT.—*Assignment.*—*Principal and Surety.*—*Notice by Assignment.*—*Contemporaneous Agreement to first Exhaust one Defendant.*—*Lien.*—*Insolvency.*—*Execution.*—*Release.*—*Pleading.*—To a suit by the assignee upon a joint judgment against S. and M. and others, an answer by M., that in the original suit he appeared and in good faith pleaded a valid defence, stating it, and that in consideration of his withdrawing his defence and making default, which thereupon he did, then plaintiff agreed in writing to first exhaust the property of S., who, as between S. and M. was the principal debtor; that so the judgment was suffered, and an execution was issued with direction by the plaintiff to levy upon S.'s property, of which he had abundance upon which the execution was a lien; that no levy was made, the execution was returned, the lien lost, and S. has since become insolvent, of all which the present plaintiff had knowledge, is good on demurrer, and a reply thereto that S. remained solvent long after the return of the execution is bad.

PRACTICE.—*Harmless Error.*—Where the special finding of facts shows that a particular paragraph of answer was not true, the Supreme Court will not consider whether a demurrer to it was improperly overruled.

SAME.—Where the facts averred in a paragraph of reply, demurred to, are provable under the general denial, which is also in, the demurrer can be sustained without available error.

From the Elkhart Circuit Court.

*J. H. Baker,* and *J. A. S. Mitchell,* for appellant.

*R. M. Johnson, H. D. Wilson, J. D. Ferrall, W. J. Davis, E. G. Herr,* for appellees.

BLACK, C.—The appellant, Benjamin Smith, as equitable assignee of a judgment rendered on the 16th of December, 1868, in the court below, in favor of James V. O. Schutt against Nicholas Smith, Derrick B. McKean and others, for $2,277.16, and costs taxed at $32.40, brought suit thereon, on

the 26th of August, 1881, against the appellees Kit McKean, as administrator of the estate of Derrick B. McKean, deceased, Nicholas Smith and said Schutt, the last named being made a party to answer as to his interest. The defendants, except said administrator, were defaulted. Said administrator answered in five paragraphs. The court overruled demurrers of the appellant to the first, second and amended third paragraphs of answer, and sustained his demurrers to the other paragraphs.

The appellant replied in six paragraphs. The court sustained demurrers to the first three of these. On the trial, the court, upon request, rendered a special finding. The appellant moved for a new trial, and this motion having been overruled, he excepted to the conclusions of law stated by the court. The court rendered judgment, and the appellant made two motions, which were overruled, to modify it.

The appellant has assigned as errors the overruling of his demurrers to the first paragraph and the amended third paragraph of answer, the sustaining of the demurrer of said administrator to the first, second and third paragraphs of the reply, the first and the fourth conclusions of law stated by the court, and the overruling of the appellant's motions to modify the judgment.

The first paragraph of answer stated, in effect, that in 1862 a judgment was rendered in the court of common pleas of said county, for the sum of more than $4,000, on a note executed to the appellant by said administrator's intestate and Charles Hany, Benjamin F. Kenyon, the defendants Schutt and Nicholas Smith and others not served with process therein; that afterwards said Schutt paid $2,000 on said judgment; that at the March term, 1868, of the court below, Schutt commenced an action against said intestate and said Hany, Kenyon, Nicholas Smith and one David Thompson, to have said Schutt adjudged a surety on said note, and for contribution, on the ground that he was a joint contractor in said note, and by reason of his said payment; that said de-

fendants in that action appeared and pleaded to said Schutt's causes of action, in good faith, that he was not a surety on said note, and that he, with said defendants and others, executed it as principals as to each other, but for the use and benefit of a commercial partnership by the name and style of " The Farmers' Union Store, at Elkhart, Indiana," of which said Schutt, said intestate, said Kenyon, Hany, Nicholas Smith, and over fifty others then living in said county, and solvent, were members, giving the names of said other persons; that said partnership had been dissolved, and its assets had been disposed of; that it was indebted $20,000 more than its assets; that said intestate and said Kenyon, Hany and Thompson had paid more than their full proportion of said indebtedness over and above the amount paid by Schutt, setting out the amounts paid by each of them; that said Nicholas Smith and said other solvent partners had paid no part of said judgment or partnership indebtedness; also, other good and valid defences; and asking that all persons interested be made parties, that the rights of the parties be determined, and that full contribution be made.

It was alleged that said Nicholas Smith did not appear or plead in said action, but made default; that said Schutt requested said Kenyon, Hany and said intestate to withdraw their appearance and pleadings aforesaid in said cause; and said parties made an agreement in writing, as follows:

" STATE OF INDIANA, ELKHART COUNTY, ss.:

" It is hereby agreed by and between J. V. O. Schutt, of the first part, and Benjamin F. Kenyon, Derrick B. McKean, Charles Hany and David Thompson, of the second part, and each of them, that in consideration that the said parties of the second part will and do hereby withdraw their appearance and defence, and allow judgment to be taken in an action now pending in the circuit court of said county and State, the said party of the first part will proceed to collect whatever judgment may be rendered therein from Nicholas Smith, who has never paid his share of said old judgment, or any part thereof,

one of the defendants in said cause, alone, if the same can be done, and will cause the sheriff to levy and sell his property alone for the collection thereof, and will only resort to the property of any of the other defendants in said cause in case of a failure to collect from the said Smith, and will pay Blake and Johnson the sum of fifty dollars, their fee as attorneys therein for said party of the second part, so soon as so much of said judgment is collected.    In witness whereof we have hereunto set our hands and seals this 16th day of December, 1868.                    (Signed)        J. V. O. SCHUTT.
                                    " Per Wilson & Osborn.
                        " BENJAMIN F. KENYON.
                        " DERRICK B. MCKEAN.
                        " CHARLES HANY.
                        " DAVID THOMPSON.
                                    " Per Blake & Johnson."

It was alleged that said intestate, Derrick B. McKean, and said Kenyon and Hany, relying on said agreement and the promises and covenants of said Schutt therein contained, and not otherwise, withdrew their appearance and said pleadings and defence in said cause, and permitted judgment to be taken against them therein by default, which is the judgment sued on herein ; that at the date of the rendition thereof, and for ten years thereafter, said Nicholas Smith was the owner and possessed of real estate of the value of $20,000, and personal property of the value of $5,000, free and unincumbered, situate in said county, and subject during all of said time to execution, out of which said judgment could have been collected ; " that he now is and has been for four years last past wholly insolvent, and has not had during said last named time any property subject to execution ; " that on the 6th of January, 1869, said Schutt, pursuant to said agreement, caused an execution to be issued on said judgment by the clerk and placed it the hands of the sheriff, directing him to collect said judgment out of the property of said Nicholas Smith, in writing thereon in these words :

" Collect this out of property of Nicholas Smith, if enough can be found.                     WILSON & OSBORN,

" January 6th, 1869.                     Att'ys for Plaintiff."

That said execution became a lien on the personal property aforesaid of said Nicholas Smith; that while it was a lien on said property and in full force, the appellant, with full knowledge of said contract, took the assignment of said judgment as stated in his complaint, for and with the fraudulent purpose of collecting it out of said intestate and said Kenyon and Hany, in violation of said agreement and for the use and benefit of said Nicholas Smith, who furnished the means and paid said Schutt for said assignment, and to prevent the collection thereof out of the property of said Nicholas, who is the appellant's brother; that on the 1st of July, 1869, the appellant, with the knowledge and consent of said Schutt, ordered, directed and caused the sheriff to return said execution without the sale of property, and without the knowledge or consent of said Kenyon, Hany or said intestate, whereby the lien of said execution on said personal property was wholly lost, and said Nicholas Smith was allowed to dispose of it without the consent of said intestate or of said Kenyon or said Hany.

The second paragraph of answer was a plea of payment in full of said judgment before the commencement of this action.

By the amended third paragraph of answer it was alleged that though said judgment was assigned, as alleged in the complaint, and at the time therein alleged, to the appellant by said Schutt, yet the appellant paid nothing of his own means for said assignment; that the defendant Nicholas Smith, the brother of the appellant, furnished, of his own money, property and means, the whole of the consideration which was paid to said Schutt for said assignment; that said assignment was made to the appellant for the fraudulent purpose of enabling him to collect said judgment from said intestate and others for the benefit and use of said Nicholas Smith; that the appellant was not the real owner of said judgment, but

that said Nicholas Smith was the owner thereof, and purchased it with his own money and means.

The first paragraph of reply was addressed to the first paragraph of answer, and alleged, in substance, that the appellant purchased the judgment mentioned in the complaint of said Schutt on the 9th of March, 1869, and then received from him the written assignment thereof set out in the complaint, and on the same day paid said Schutt for said assignment $2,-300; that at that time, and for a long time thereafter, the appellant had no notice, knowledge or information of the execution or existence of said written contract, copied in the first paragraph of answer, or of any written contract whatever in relation to said judgment; that appellant purchased said judgment in good faith and for a valuable consideration as aforesaid, and relying on said judgment as being truly, fully and correctly entered of record, and on the faith and in the belief that all the rights of the several parties to said judgment were such as were shown and appeared from the judgment, and not in any respect other or different.

The second paragraph of reply, also addressed to the first paragraph of answer, alleged, in substance, that the execution mentioned in said answer was not returned by the sheriff until the expiration of six months after the date of the issuance thereof; that no levy was made by virtue thereof; that it was a joint execution against all the defendants therein; that said Nicholas Smith, at the time of the return of said execution, and for more than ten years next thereafter, at all times, owned and was possessed of $5,000 of unencumbered personal property and $10,000 of unencumbered real estate, all of which said property was situate within said county; and that the defendant administrator was not injured by the return of said execution or the failure to serve it.

No argument being presented concerning the third paragraph of reply, we will not further notice it.

The fifth paragraph of reply was a general denial of the

answer. There was also a general denial of the amended third paragraph of answer.

It appears by the record that the appellant did not except to the conclusions of law stated by the court in the special finding at the time that decision was made, or cause to be noted at the end of that decision that he excepted ; but after the rendition of the special finding,he first moved for a new trial, and after that motion had been overruled, he, in open court, excepted to said conclusions of law.

Counsel for the appellee insist that because of this condition of the record the appellant's assignments that the court erred in its first and fourth conclusions of law are not available. This objection is well taken. *Dickson* v. *Rose*, 87 Ind. 103.

The court rendered judgment that the plaintiff have and recover of the defendant Nicholas Smith the sum of $4,-223.37, and costs ; that execution be issued against him first, and that his property be first exhausted; that said Derrick B. McKean, in his lifetime, was surety only on said debt, and if it be filed as a claim against his estate, it shall only be liable as said surety, and nothing herein shall be held to conclude the estate as to the amount to be recovered therefrom, nor as to whether the estate is discharged from liability by reason of any *laches* occurring since the beginning of this action.

This judgment was in accordance with the conclusions of law stated. The motions of the appellant to modify the judgment sought only such changes therein as would have made it not in accordance with said conclusions of law. Such a mode of proceeding is unknown to our practice. The statute, R. S. 1881, section 551, requires that in a special finding the court shall first state the facts in writing, and then the conclusions of law upon them, " and judgment shall be entered accordingly." This mode of stating the finding of the court is provided for the express purpose of enabling a party to except to the decision of the court upon the questions of

law involved in the trial.   If a judgment rendered on a spe-
cial finding should not conform to the conclusions stated, a
motion would lie to so modify the judgment as to make it
conform to such conclusions; but where the judgment ren-
dered on a special finding is in accordance with the conclu-
sions of law stated, error in such conclusions, rendering erro-
neous the judgment " entered accordingly," can not be
reached by a motion to modify the judgment.

If, as alleged in the first paragraph of answer, the appel-
lant took the assignment of the judgment with full knowl-
edge of the written contract referred to in that answer, he
would be bound thereby if his assignor was bound, and to
the extent to which his assignor was bound.   Whether the
appellant would have been affected by said contract if he had
taken the assignment without such knowledge, need not be
decided.

If, in the action in which the judgment now sued on was
rendered, a proper issue of suretyship had been tried and de-
termined in favor of the defendants who executed said con-
tract, the court would have made an order directing the
sheriff to levy the execution first upon, and to exhaust, the
property of the principal before a levy should be made upon
the property of the surety.

It seems to have been the intention of the parties to said
contract to bind the plaintiff in said action to proceed in the
collection of the judgment as it would have been collected
under an adjudication of suretyship, with perhaps an obliga-
tion on his part to use diligence.

This contract was not incorporated into the judgment, and
it could not have been as against Nicholas Smith, who was
not bound or concluded by the contract.   He has made no
question concerning the contract, or upon the proceedings or
judgment in the case at bar.   Said intestate and the other de-
fendants, except said Nicholas, in the action brought by
Schutt, had in good faith filed sufficient pleadings therein.
The withdrawal of their appearance and pleadings, which it

must be supposed they could have maintained, and their allowing judgment to be taken against them jointly with Nicholas Smith, furnished a sufficient consideration for the promise of Schutt in said agreement. What he undertook he could lawfully perform, and as against him Nicholas Smith could not question such performance. Schutt having, by his agreement, induced the other parties to the contract to forego their defences and permit themselves to be placed in such an irreversible situation, could not, without working a fraud against them, repudiate his engagement to mitigate that situation.

The agreement gave the parties thereto, other than Schutt, the right as against him to be treated as sureties, if not more. It was shown by this answer that after Schutt had caused execution to be issued, and had thereon directed its collection out of the property of said Nicholas, if enough could be found, said execution, which was a lien on more than enough property to satisfy the judgment, was, without levy, returned without the knowledge or consent of said intestate, or Kenyon or Hany, but with the knowledge and consent of Schutt, and by direction of the appellant, and said lien was thereby lost, and said Nicholas thereafter became insolvent. It has been held by this court that the voluntary release of such a lien discharges a surety to the extent that he is thereby injured. *Sterne* v. *Bank of Vincennes*, 79 Ind. 549; *Sterne* v. *McKinney*, 79 Ind. 578.

It may be proper to remark that the court, in its special finding, found that said Nicholas was still, and ever since the rendition of said judgment had been, the owner of personal property of the value of $3,000, subject to execution within said county, and that before the commencement of this action he had executed mortgages on his real estate to its full value, one of them being for $36,000, to a trustee for the benefit of various creditors, and among them the appellant, to secure said judgment. It was not error to overrule the demurrer to the first paragraph of answer.

In the special finding the court stated, among the facts,

that "Nicholas Smith did not furnish the money or consideration paid to said Schutt for said judgment, nor any part thereof, and the plaintiff is the real owner of the same."

It thus affirmatively appears that the result reached was not based upon such facts as were alleged in the third paragraph of answer, but was based upon contrary facts, so that whether that paragraph presented a sufficient defence or not, the ruling upon the demurrer did not affect the judgment, and it is unnecessary to determine the question as to the sufficiency of that paragraph.

The allegations of the first paragraph of the reply amounted to a mere partial denial of the first paragraph of answer; and if they constituted a sufficient reply, they were provable under the general denial pleaded.

In the second paragraph of reply, while it is alleged that the execution was not returned until the expiration of six months after it was issued, it is not denied that the appellant had received the assignment with full knowledge of said written agreement, and that he, with knowledge of the lien of the execution upon property sufficient to satisfy the judgment, caused the return of the execution without a levy. If he thus relinquished the lien on said property, the allegation that said Nicholas Smith, now insolvent, continued for a number of years to own property out of which the appellant might have obtained satisfaction of the judgment, did not show that the surrender of said lien was not injurious to the other defendants in said judgment. It was not necessary that there should be a levy and a relinquishment thereof to constitute an unjustifiable injury to said other defendants. Whether, if no affirmative action to enforce the judgment had been taken, and while Schutt and the appellant were passive said Nicholas had become insolvent, said other defendants would, under said contract, be released, we need not decide. When, by the issuing of execution, a lien on property had been obtained, and it was relinquished, the fact that said Nicholas still, for a time, had abundant property, did not give the appellant, who

controlled the judgment the right to claim that his said relinquishment was not injurious to said other defendants. We find no error available to the appellant.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the costs of the appellant.

Filed Dec. 19, 1884.