Filed Jan. 9, 1892.

---

No. 15,420.

## THE MIDLAND RAILWAY COMPANY ET AL. *v.* DICKASON ET AL.

PRACTICE.—*Supreme Court.*—*Conclusions of Law.*—*Question, How Presented.* —In order to present a question on the correctness of the conclusions of law of the trial court on the facts found, an exception to the conclusions of law must be taken at the time the decision is made; and it must be assigned as error in the Supreme Court that the court below erred in its conclusions of law.

The Midland Railway Company *et al. v.* Dickason *et al.*

SAME.—*Objection not Raised Below.*—Where the exception is not to the conclusions of law, but to the rendition of the judgment, the appellant will fail.

JUDGMENT.—*Objection to Form of Judgment.— Waiver of.*—Where no motion to modify the judgment, or objection to its form is made in the court below, objections made to the form of the judgment in the Supreme Court will not be considered.

From the Tippecanoe Circuit Court.

*H. Crawford* and *W. R. Crawford,* for appellants.

*A. D. Thomas,* for appellees.

MILLER, J.—The appellees sued the appellants to recover the value of material furnished for the construction of its road, and to enforce a lien on its roadway, under the mechanic's lien act.

The cause was tried by the court, without the intervention of a jury, and at the request of the parties the court made a special finding of the facts and conclusions of law, upon which, subsequently, a judgment was rendered against the appellants.

The errors assigned in this court are as follows:

" 1. The court erred in rendering judgment on the special finding.

" 2. The court erred in rendering a personal judgment against the railway company without relief from valuation laws.

" 3. The court erred in rendering any decree enforcing a lien and priority on the road in Montgomery county.

" 4. The court erred in rendering a personal judgment for attorneys' fees, collectible without relief from valuation laws."

In order to present for review in this court the correctness of the conclusions of law, deduced by the court from the facts found, two things are necessary :

1. An exception to the conclusions of law must be taken at the time the decision is made.

2. It must be assigned as error in this court that the court below erred in its conclusions of law.

The cases to this effect are numerous. We cite only the following: *Smith* v. *Davidson*, 45 Ind. 396; *Hull* v. *Louth*, 109 Ind. 315 (333); *Western Union Tel. Co.* v. *Trissal*, 98 Ind. 566; *Smith* v. *McKean*, 99 Ind. 101; *Johnson* v. *McCulloch*, 89 Ind. 270.

The transcript shows that the special finding was filed on February 9th, 1889. On the 15th of the same month the plaintiff moved the court for judgment on the special finding; and on the 28th of the month this motion was sustained, " to which ruling of the court the defendants except, and the court renders judgment accordingly."

This exception was not, as it should have been, taken at the time the court returned its conclusions of law; nor was the exception, when taken, to such conclusions of law, but to the rendition of a judgment in favor of the plaintiff.

The appellants having waived, by failing to except, all objections to the conclusions of law, it was not error for the court to render judgment for the plaintiffs in accordance with such finding and conclusions.

No motion to modify the judgment, or objection to its form, was made in the circuit court, and it can not be assailed in this court for the first time, on account of any of the objections stated in the assignment of error. *Johnson* v. *Prine*, 55 Ind. 351; *Walter* v. *Walter*, 117 Ind. 247; *Berkey, etc.,* v. *Hascall*, 123 Ind. 502.

These objections are pointed out and urged upon our attention, by the appellees, as reasons why the judgment must be affirmed, and we are compelled to sustain them in their contention.

Judgment affirmed.

Filed Jan. 9, 1892.