No. 16,924.

## TUCKER *v.* ROACH.

HARMLESS ERROR.—*Finding for Plaintiff on Paragraph of Complaint.— Errors Relating Thereto.*—Where the finding is for the plaintiff, as to a paragraph of complaint, all decisions in relation to such paragraph,, whether relating to the pleadings, evidence or instructions, if erroneous, were harmless as to him.

CANCELLATION OF INSTRUMENT.—*Promissory Note.—Mortgage.—Fraud. —Undue Influence.—Complaint.*—Where a complaint, in an action to cancel and set aside a note and mortgage procured by fraud and undue influence, alleged, in substance, that the plaintiff was a feeble old man in ill health, of weak mind and in straitened circumstances, and that defendant, with full knowledge of all the facts, in bad faith, and for the fraudulent purpose of cheating and defrauding plaintiff, instituted an unfounded action against him for damages sustained in a real estate transaction between them, by reason of misrepresentations of the plaintiff; and that afterwards, by threats

Tucker v. Roach.

and undue influence, defendant intimidated plaintiff, and, on account of plaintiff's old age, ill health and weak mind, induced him to execute the note and mortgage for the fraudulent purpose aforesaid,—the complaint is sufficient on demurrer.

SAME.—*Consideration.*—*Compromise of Suit.*—*Fraud.*—*Intimidation.*—*Note.*—*Mortgage.*—Where the jury find for the plaintiff on such paragraph of complaint, the finding, in effect, was that the note and mortgage were without consideration, were procured by fraud and intimidation, and that the suit compromised was not a good cause of action, nor brought in good faith; and, therefore, the amount agreed upon in the compromise was not a sufficient consideration for the note and mortgage.

SAME.—*Evidence.*—*Financial Condition.*—*Fraud.*—*Intimidation.*—*Mental and Physical Condition.*—In an action to cancel a note and mortgage alleged to have been procured by fraud and intimidation, the fact that the plaintiff was, at the time of their execution, in straitened circumstances, added to old age and feebleness of mind and body, is certainly an element that may be taken into consideration in determining whether he was overreached in a fraudulent contract.

From the Hamilton Circuit Court.

*T. J. Kane* and *L. O. Clifford*, for appellant.
*W. Neal* and *J. F. Neal*, for appellee.

HOWARD, J.—This was an action brought by the appellee for the cancellation of a certain note and mortgage given by the appellee to the appellant. The complaint was in three paragraphs.

In a former transaction appellee had exchanged with appellant a farm in Missouri, together with certain personal property in the city of Indianapolis, for a farm in Hamilton county, in this State.

Appellee alleged in the first paragraph of his complaint, that the mortgage in suit was given upon his Hamilton county farm, and, by the terms of the mortgage, it was provided that if appellant should sell the Missouri farm within two years for more than a certain sum, such excess should be applied upon the note secured by the mortgage given by appellee. It was

further alleged that the Missouri land was exchanged for Kansas land at such a price as to more than satisfy the condition for cancellation of the note and mortgage, but that appellant has refused to surrender and cancel the same. The paragraph also concludes with a plea of payment.

In the second paragraph of the complaint the allegation is that the note and mortgage were without consideration.

The material allegations of the third paragraph are that the appellee was a feeble old man in ill health, of weak mind and in straitened circumstances, and that the appellant, with full knowledge of all the facts, in bad faith, and without any cause whatever for so doing, and for the fraudulent purpose of cheating and defrauding the appellee, instituted an unfounded action against the appellee for damages sustained in their real estate trade through and by reason of the misrepresentations of the appellee; and that afterwards, by threats and undue influence, the appellant intimidated the appellee, and on account of his old age, ill health and weak mind, induced him to execute the note and mortgage for the fraudulent purposes aforesaid.

Other pleadings were filed and the cause was submitted to a jury, who returned a verdict for the appellee. Judgment was rendered cancelling the note and mortgage and quieting title in appellee to his Hamilton county farm.

The jury, with their verdict, returned answers to interrogatories from which it appears that the verdict was based wholly upon the second and third paragraphs of the complaint.

The numerous alleged errors made under the issues joined in the first paragraph of the complaint in relation to the pleadings, admission of evidence, and instructions,

will not therefore be considered, inasmuch as the finding was for the appellant under that paragraph. The rulings, if erroneous, were harmless to him. *Johnson* v. *Ramsay*, 91 Ind. 189; *Smith* v. *McKean, Admr.*, 99 Ind. 101; *Barnett* v. *Feary*, 101 Ind. 95; *Bloomfield R. R. Co.* v. *VanSlike*, 107 Ind. 480; *Gebhart* v. *Burkett*, 57 Ind. 378; *Baker* v. *Carr*, 100 Ind. 330; *Ricketts* v. *Harvey*, 106 Ind. 564; *Woolery, Admr.*, v. *Louisville, etc., R. W. Co.*, 107 Ind. 381; *Porter* v. *Waltz*, 108 Ind. 40; *Louisville, etc., R. W. Co.* v. *Wright*, 115 Ind. 378.

It is contended that the third paragraph of the complaint is bad for the reasons that it shows an exchange of property between the parties; that an action for damages for misrepresentation in the trade was brought by appellant against appellee; that the dismissal of such action was a good consideration for the note and mortgage in this case, and consequently that the paragraph shows no right of action against appellant. We think counsel mistake the character of the paragraph in question. It shows an action to cancel and set aside a note and mortgage procured by fraud and undue influence. As such we think it good, and not subject to the demurrer urged against it.

It is next contended that the court erred in overruling appellant's motion for judgment on answers to interrogatories, notwithstanding the general verdict.

The answers to interrogatories were all made under issues tendered in the first paragraph of the complaint, except the last three, which are as follows:

"13th. Do you find for the plaintiff on the first paragraph of the complaint? Ans. No.

"14th. Do you find for the plaintiff on the second paragraph of the complaint? Ans. Yes.

"15th. Do you find for the plaintiff on the third|paragraph of the complaint? Ans. Yes."

The answers to interrogatories are, therefore, not in conflict with the general verdict, and the court did not err in overruling appellant's motion for judgment upon the answers. *Frazer, Exr.,* v. *Boss,* 66 Ind. 1.

It is true that the compromise and dismissal of a good cause of action constitute a sufficient consideration for the execution of a note and mortgage for the amount agreed upon in the compromise. But the jury in this case, by finding for the appellee on the second and third paragraphs of his complaint, thereby, in effect, found that the note and mortgage were without consideration, and were procured by fraud and intimidation, and, consequently, that the suit compromised was not a good cause of action, nor brought in good faith.

As to instructions asked by appellant and refused by the court, and which are applicable to evidence given under the second and third paragraphs of the complaint, we think that so far as they correctly express the law as to want of consideration or fraud and undue influence in the making of contracts, they were fully supplemented in the instructions given by the court on its own motion.

The eighteenth instruction given by the court upon its own motion is objected to for the reason that the jury were thereby instructed that they might consider evidence as to the embarrassed financial condition of appellee, for the sole purpose of "illustrating and throwing light upon the plaintiff's mental condition" at the time of the making of the alleged fraudulent contract, as stated in the third paragraph of complaint.

We think the instruction correct for the purpose to which it was expressly limited. The allegations of fraud and undue influence on the part of appellant were based, in part, upon the circumstance that the appellee, at the time of the bringing of the suit for damages against him,

and of his making the note and mortgage in compromise, was financially embarrassed. The fact that one is in straitened circumstances, added to old age and feebleness of mind and body, is certainly an element that may be taken into consideration in determining whether he was overreached in a fraudulent contract.

Similar remarks apply to the objections made by counsel to various items of evidence introduced on the trial to show the relative situations of the parties at the times of the transactions complained of.

As said in *Adams* v. *Irving Nat'l Bank*, 116 N. Y. 606, a well considered case in which the authorities are very fully referred to: "The principle which appears to underlie all this class of cases is, that whenever a party is. so situated as to exercise controlling influence over the will, conduct and interest of another, contracts thus made will be set aside."

We find no error in the record.

The judgment is affirmed.

