Equitable Trust Co. *v.* Torphy—37 Ind. App. 220.

---

## EQUITABLE TRUST COMPANY *v.* TORPHY ET AL.

[No. 5,546.    Filed January 25, 1906.]

1.  APPEAL AND ERROR.—*Right Result.*—*Bills and Notes.*—*Defective Answer.*—*Special Findings.*—Where plaintiff secured a judgment against one of the joint makers of a note for the whole amount due as shown in the special findings, alleged error in the court's ruling on such defendant's answer is harmless. p. 222.

2.  SAME.—*Mortgages.*—*Foreclosure.*—*Partial Recovery.*—Where defendant married woman pleaded suretyship and coverture as against all of plaintiff's demand, the plaintiff has no cause for complaint because the court gave a decree for part only of plaintiff's demand, the proof showing that such defendant was liable only for such part.    p. 222.

3.  SAME.—*Right Result.*—Where the trial court reached the right result, its decision will be affirmed.    p. 223.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Suit by the Equitable Trust Company against Susie Torphy and another. From a decree for plaintiff for part of its claim, it appeals. *Affirmed.*

*Brooks & Brooks* and *F. M. Trissal,* for appellant.

WILEY, J.—Suit by appellant upon two notes and to foreclose a mortgage.

Appellees answered separately in one paragraph, to which separate demurrers were addressed and overruled. Reply in denial. Upon request, the court made a special finding of facts and stated its conclusions of law thereon. A decree of foreclosure was entered ordering the real estate to be sold, and the proceeds to be applied: (1) to payment of costs; (2) to satisfaction of the judgment against said Susie Torphy, and (3) the balance to be brought into court "for further order."

In view of the facts specially found, the overruling of the demurrers to the answers, if erroneous, could not prejudice the rights of appellant. The court found that appellees executed the notes in suit; that the principal note was for $1,400, and the interest note for $35; that to secure the payment thereof they executed a mortgage on certain real estate, describing it; that at the time of the execution of the notes and mortgage appellee Susie Torphy owned the real estate described, and still owns the same; that at said time she was and ever since has been, a married woman, the wife of her co-appellee; that there was due on said notes, principal and interest, the sum of $1,535.12, and $100 attorneys' fees; that appellee Susie did not make any request or statement to appellant relative to its making any loan of money in consideration of the execution of said notes and mortgage; that the only consideration received by her for the execution of the notes and mortgage was the payment by appellant of a balance of a valid mortgage indebtedness held by it against said real estate, and current and delinquent tax liens aggregating $342.80, both of which sums were deducted by appellant from the principal sum of $1,400; that the balance of said $1,400 was not received by her for her own use, or for the benefit of

her estate; that there was no agreement with appellant that said balance was to be for her use or the benefit of her estate; and that said balance was received and used by her co-appellee.

Upon these findings the court stated as conclusions of law: (1) That appellant was entitled to judgment against Susie Torphy in the sum of $382.45, principal and interest, and $100 attorneys' fees, and foreclosure of the mortgage; (2) that appellant was entitled to judgment against appellee David Torphy in the sum of $1,535.12. The decree directed that any payment upon the judgment against Susie Torphy should be credited upon the judgment against David Torphy.

Upon the facts found, the conclusions of law and judgment are correct. Counsel for appellant assert that the answer of appellee David does not state any "cause of defense as to him against the complaint, nor against the notes sued on in the complaint." Let this be conceded, and yet appellant was not harmed by the overruling of its demurrer to it. He jointly executed the notes with his co-appellee, and was liable thereon for the full amount. The trial court awarded judgment against him for the amount due, and that is all appellant was entitled to, without reference to the facts pleaded in his answer.

The answer of appellee Susie was a plea of coverture, that she was surety for her husband, that she received no part of the consideration for the execution of the notes and mortgage, and that she owned the real estate mortgaged. Appellant's objection to this answer is that it was addressed "to the entire demand sued on, and there could be on that answer no partial recovery." Appellant is not in a position to complain, because said appellee's answer, if true, was a complete bar, while the court found that she did receive a part of the consideration,

and gave appellant all the relief, as to her, to which it was entitled.

Counsel for appellant admit in their brief that the evidence shows that appellee Susie Torphy did not receive for her own use and benefit but $482.45 of the sum loaned, and it is specifically found as a fact that her co-appellee received and used for his benefit the residue. Upon these facts the judgment is right upon the merits. By the judgment and decree the respective rights of the parties have been correctly determined. There is no "error or defect in the pleadings or proceedings" which affects the substantial rights of appellant. It appears to us that the merits of the cause, upon the facts found, have been fairly tried and determined in the court below. This being true, §§401, 670 Burns 1901, §§398, 658 R. S. 1881, forbid a reversal. It would be a waste of time to refer to cases where the Supreme Court and this Court have affirmed judgments in harmony with the mandate of the two sections of the statute cited.

Judgment affirmed.

Roby, C. J., Black, P. J., Robinson and Myers, JJ., concur. Comstock, J., absent.