## SOUTHERN RAILWAY COMPANY v. UTZ.

[No. 7,586. Filed May 8, 1912. Rehearing denied January 24, 1913.]

1. APPEAL.—*Review.*—*Ruling on Motion for Judgment on Answers to Interrogatories.*—In determining questions presented by an assignment of errors in overruling a motion for judgment on the answers to interrogatories notwithstanding the general verdict, only the general verdict, the complaint and answer, and the interrogatories and the answers thereto, will be considered.  p. 272.

2. TRIAL.—*Verdict.*—*Effect.*—A general verdict for plaintiff is a finding that every material averment of the complaint was proved. p. 272.

3. APPEAL.— *Assignment of Errors.— Briefs.— Questions Determined.—Evidence.—Instructions.*—Although appellant's brief is an effort to disclose by the instructions that the court below tried the case on the wrong theory, the court is not required to determine such question where there is no assignment presenting error in the instructions or questioning the sufficiency of the evidence to support the verdict. p. 274.

4. APPEAL.—*Review.—Ruling on Motion for Judgment on Answers to Interrogatories.—Evidence.—Instructions.—Consideration.*—In considering the question presented on appeal by the ruling of the trial court on a motion for judgment on the answers to interrogatories notwithstanding the general verdict, the court will look neither to the evidence nor to the instructions given. p. 275.

5. CARRIERS.—*Injury to Passengers.—Verdict.—Answers to Interrogatories.—Construction.*—In an action by a railway mail clerk for personal injuries sustained while transferring mail from one of defendant's trains to another, affirmative answers to interrogatories propounded to the jury asking whether the fact that plaintiff was a railway mail clerk was sole reason for plaintiff being on the train and on the platform, and answers to other questions showing that he had paid nothing to ride, are not equivalent to a finding that plaintiff was not a passenger. p. 275.

6. TRIAL.—*Interrogatories to Jury.—Interrogatories Calling for Conclusions.*—Interrogatories to the jury calling for legal conclusions are objectionable. p. 277.

7. CARRIERS.—*Injury to Passengers.—Railway Mail Clerk.—Complaint.—Verdict.—Answers to Interrogatories.*—In an action by a railway mail clerk for injuries sustained while transferring mail from one of defendant's trains to another, the averments in the complaint that plaintiff was being carried on defendant's train in the character of a postal clerk in the service of the United States, in charge of United States mail, under a contract between defendant and the United States, were sufficient, under §4000 R. S. U. S. making it the duty of railroad companies carrying mail to carry without extra charge the person in charge thereof, to show the relation of passenger and carrier, so that a general verdict for plaintiff was equivalent to a finding that he was a passenger at the time of his injury and answers to interrogatories, showing that plaintiff was on the train solely because of his position as a railway mail clerk, are consistent, rather than inconsistent, with such verdict. p. 277.

8. TRIAL.—*Verdict.—Answers to Interrogatories.—Inconsistent Answers.*—A general verdict is not overcome by answers to interrogatories which are in themselves inconsistent and contradictory. p. 279.

9. TRIAL.—*Verdict.*—*Answers to Interrogatories.*—A general verdict will not be set aside on the answers to interrogatories, unless there is an apparent conflict between it and such answers that cannot be reconciled on any theory, or on any supposable state of facts provable under the issues, whether actually proved or not. p. 279.

From Floyd Circuit Court; *Joseph . H. Shea,* Special Judge.

Action by Archie Utz against the Southern Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Alex. P. Humphrey, Edward P. Humphrey, John D. Welman* and *Walter V. Bulleit,* for appellant.

*Stotsenberg & Weathers,* for appellee.

HOTTEL, J.—This is an appeal from a judgment against appellant for $1,500 damages, rendered in favor of appellee on account of alleged personal injuries. The issues were tendered by a complaint in one paragraph and a general denial thereto. There was a trial by a jury and a general verdict for appellee, accompanied by answers to interrogatories. Appellant filed a motion for judgment on such answers, which was by the court overruled, and this ruling presents the only error relied on.

The determination of the questions presented by the ruling on this motion requires this court to consider only the general verdict, the complaint, the answer; and said interrogatories and the answers thereto. The only answer being a general denial, it need not be considered, and the general verdict is a finding that every material averment of the complaint was proven.

The complaint is lengthy, and inasmuch as its sufficiency is not questioned, we will set out only the substance of such averments as we deem necessary to an understanding of the case and a consideration of the question presented by the motion.

After the averments showing that defendant is a corporation, the complaint alleges that as such it controlled and operated a main line of railroad from the city of Louisville to the city of St. Louis, and also another line known as the "Evansville Branch," running between the city of Huntingburg, Indiana, on the main line, and the city of Evansville; that on December 12, 1906, it ran and operated over both its main line and said branch passenger and freight trains between said cities, as a common carrier of passengers, freight, baggage and United States mail. Then follow averments alleging in detail the operation by appellant of train No. 3 over its branch, and train No. 23 over its main line; the existence of an arrangement or agreement between appellant and the United States Government by which appellant was carrying the United States mail over its said lines; the carrying of such mail on said trains No. 3 and No. 23 from the city of Evansville to said city of Louisville on the day of appellee's injury; the necessity for transferring such mail at the city of Huntingburg from train No. 3, on the branch line, to train No. 23, on the main line, and the provision by appellant of a platform between said lines at the city of Huntingburg for the transfer of passengers, mail and express matter from one train to the other; the employment by the government of appellee as a postal clerk in charge of such mail, together with his duties and work in connection therewith; the fact that appellee was on said day in charge of the mail carried on train No. 3 to Huntingburg, to be there transferred to train No. 23 on the main line and then carried on said train to Louisville; the arrival of train No. 3 at Huntingburg, where it stopped to transfer its passengers, mail, baggage, etc., to train No. 23; that appellee there proceeded to transfer all the mail pouches and mail matter under his charge from the mail car on train No. 3 to the mail car on train No. 23, and that while performing said duty he was injured as set out. In connection with the

manner in which appellee received his injury, details of the employment by appellant of its baggage man on train No. 3 and his duties and work as such baggage man are averred, viz., that he was in charge of the baggage and express matter carried on said train No. 3, and that it was his duty to assist in loading and unloading said express car so situate in said train; that while appellee was performing his said duty of transferring said mail from train No. 3 to train No. 23, and while passing along said platform, as he was compelled to do, and while passing the express and baggage car, in charge of E. F. Shawler, baggage man, and servant of appellant, and while using due care and caution, and while appellee was in the proper discharge of his duties, and without any fault or negligence on his part, said E. F. Shawler in unloading the baggage and express matter from the express car of the appellant, and while in the discharge of his duties, carelessly and negligently threw a heavy piece of iron from the baggage and express car, striking appellee on the head, thereby injuring him, etc.

Appellant insists that this case was tried by the lower court on the theory "that when a person is commissioned as a postal clerk or mail agent to handle United States mail on railroad trains, such person becomes a passenger *ipso facto* on such railroad, and the railroad has nothing to say either to create or prevent such relation."

Numerous instructions given and refused by the court are copied into appellant's brief and commented on to support this contention. In fact, the brief in the main 3. is an effort to disclose by the instructions that the court below tried the case on such alleged wrong theory. It is not necessary that we should express any opinion as to the theory on which the case was tried as disclosed by said instructions or the evidence. It is sufficient to say, in this connection, that if the instructions were erroneous, or the evidence insufficient to support the verdict,

the law makes plain the manner and method of obtaining a consideration of said questions by this court.

In considering the question presented by the ruling on the motion for judgment on the answers to the interrogatories, this court will look neither to the instructions nor to the evidence. But, appellant insists that this same alleged error was carried into the ruling of the court on the motion for judgment on the answers to the interrogatories, in that said answers show (we quote from appellant's brief) "only that a mail clerk was injured, which means no more than that a traveling man or drummer was injured * * *, that plaintiff at the time of his injury was not a passenger, and that the relation of passenger and carrier did not exist, and therefore no recovery could be had under the complaint." Appellant bases this contention practically on the answers of the jury to interrogatories 7, 8, 9, 10 and 21 which are as follows: "(7) Did the plaintiff ride on train number three at the time in question for the *sole* reason that he was a railway postal clerk in the service of the United States? A. Yes. (8) Did the plaintiff ride on train number twenty-three at the time in question for the *sole* reason that he was a railway postal clerk in the service of the United States? A. Yes. (9) Was the plaintiff on the station platform at Huntingburg at the time he was injured for the *sole* reason that he was at that time a railway postal clerk in the service of the United States? A. Yes. (10) Did the plaintiff pay anything to ride upon said train number three and twenty-three, and if so, what? A. No. * * * (21) At the time he was injured was plaintiff using a platform in transferring himself *as* a postal clerk from train No. 3 to train No. 23? A. Yes." Other questions asked the jury and the answers given are as follows: "(11) Was there any contract between the defendant and the United States or its postal authorities under which the mail was

being carried on train No. 3 and No. 23 at the time and place in question? A. Yes. * * * (22) At the time he was injured was the plaintiff using a platform furnished by the defendant for the purpose of transferring passengers from train No. 3 to train No. 23? A. Yes. (23) At the time he was injured was it necessary for the plaintiff to transfer from train No. 3 to train No. 23? A. Yes. (24) Did the defendant furnish the platform plaintiff was using at the time he was injured for the purpose of transferring passengers and United States mails, agents or clerks between train No. 3 and train No. 23? A. Yes.''

We are unable to reach the conclusion which appellant insists must follow from these answers. Great emphasis is placed on the word ''sole'' in interrogatories Nos. 7, 8 and 9 and it is insisted that this word, and the word ''as'' in interrogatory No. 23 negative the idea that appellee was on either train or the platform for any reason other than that he was a postal clerk, and that therefore he was not a passenger.

We do not think the word ''reason'' as used in these interrogatories imports the meaning that appellant seeks to give it, or that it was, by the jury, understood to have such meaning. Reason is frequently used in the sense of ''efficient cause'' or motive. These answers simply import that the only reason appellee had for being on the train at all was that he was postal clerk, that he was on no other errand, and had no other business on the train, and that the ''sole'' and efficient reason for his being on the train and on the platform was because he was postal clerk.

Grant that by these answers the jury intended to say that appellee was not on the train for the same ''reason'' that the ordinary passenger was on the train, but was there solely because his vocation or employment required him to be there—and this is an interpretation as favorable to appellant as the answers will permit—still the answers do not import that appellee was not on the train or platform as a passen-

ger, or that as such postal clerk he did not sustain the relation of a passenger to appellant. If it could be said that the interrogatories in fact required the jury to determine and answer whether, in its judgment, appellee was or was not, by virtue of his being postal clerk, also a passenger, then they would be susceptible to the objection made by appellee, namely, that they called for a legal conclusion rather than a fact.

The complaint in this case contains the general averment that appellee was a passenger on appellant's said train. The theory of the pleading, however, in this respect is manifest, and it is apparent that this general averment rests on the special averments with reference to his being a postal clerk in the service of the United States, and in that character being carried on appellant's train, in charge of United States mail, under the contract between appellant and the United States Government, by the terms of which appellant was carrying said United States mail, with appellee in charge thereof. These averments were sufficient to show that appellant owed to appellee at the time of his injury "the same duty it owed a passenger riding on the train, that the relation of passenger and carrier existed between them" by reason of the special facts so pleaded. *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428, 435, 79 N. E. 369, 11 Ann. Cas. 879; *Cleveland, etc., R. Co.* v. *Ketcham* (1893), 133 Ind. 346, 354, 33 N. E. 116, 19 L. R. A. 339, 36 Am. St. 550.

Section 4000 R. S. U. S. makes it the duty of railroad companies carrying mail to "carry on any train which may run over its road and without extra charge therefor all mail matter directed to be carried thereon *with the person in charge of the same.*" It certainly cannot be seriously contended that a railroad company contracting with the government for the carrying of United States mail does not do so with reference to the provision of the law that requires that, in carrying the same, it shall also carry a person in

charge of such mail, and that by such contract it agrees and undertakes to carry such person. While it is doubtless true that the commission, by the government, of such person as a postal clerk or mail agent does not, *ipso facto*, create the relation of passenger and carrier between such person and the railroad carrying such mail at all times and under all circumstances yet, it must follow that such railroad company by undertaking, under its contract with the government, to carry the person in charge of such mail thereby creates the relation of passenger and carrier between itself and the person in charge of mail, which it in fact carries with such person in charge. We do not understand that the appellant contradicts that under such circumstances the relation of passenger and carrier exists between the mail agent and the carrying company. In fact, it is, in effect, conceded by appellant that where the carrying company *accepts such postal clerk in charge of mail carried by it under its contract with the government to carry such mail,* it thereby creates the relation of carrier and passenger between such postal clerk and such company, while such mail is being so carried with such person in charge thereof. This admission, we think, is sufficient, in view of the presumptions which this court must indulge in favor of the general verdict, to prevent a reversal of the case. Under the averments of the complaint the jury may have found, and for the purpose of the motion being considered it, by its general verdict, did find, that appellant railroad, at the time of appellee's injury, was under contract with the United States Government to carry United States mail on its two trains, No. 3 and No. 23; that appellee at the time of his injury was in the employ of the United States Government, as one of its mail agents or postal clerks in charge of the mail to be carried from Evansville to Louisville on defendant's said trains No. 3 and No. 23; that on said day defendant accepted, at the city of Evansville, United States mail destined for the city of Louisville, with appellee in charge thereof, and re-

ceived and took said mail, with appellee in charge, on said train No. 3, and undertook to and did safely transport said mail and appellee to the city of Huntingburg, Indiana, there to be transferred from said train No. 3 on its branch line, to train No. 23 on its main line; that appellee, while so in charge of said mail, transferring the same from defendant's said train No. 3 to train No. 23, and while using appellant's platform between said trains, provided for that purpose, among others, was injured, as set out in his complaint. Such facts being treated as found, the most that could be said, giving to appellant the advantage of a construction of said answers to interrogatories most favorable to its

8.  contention, would. be that the answers to the interrogatories were inconsistent and contradictory, but this will not permit them to override the general verdict. *Fitzmaurice* v. *Puterbaugh* (1897), 17 Ind. App. 318, 323, 45 N. E. 524; *Davis* v. *Reamer* (1886), 105 Ind. 318, 323, 4 N. E. 857; *Shuck* v. *State, ex rel.* (1893), 136 Ind. 63, 76, 35 N. E. 993. These answers when considered in connection with the theory of the complaint and its special averments mentioned herein, to us seem consistent with the general verdict, but in any event they are not so inconsistent as to entitle appellant to a judgment thereon, in view of the many and different announcements of the Supreme Court and this court, indicating the presumptions indulged by said courts in favor of the general verdict, as against the answers to interrogatories.

Where a general verdict is returned with answers to special interrogatories, the general verdict controls, unless there is a conflict between such verdict and answers,

9.  apparent on the face of the record, which is irreconcilable on any theory or on any supposable state of facts provable under the issues, whether such facts were actually proved or not. *Ohio, etc., R. Co.* v. *Trowbridge* (1890), 126 Ind. 391, 398, 26 N. E. 64; *Evansville, etc., R. Co.* v. *Marohn* (1893), 6 Ind. App. 646, 653, 34 N. E. 27;

*Indianapolis Union R. Co.* v. *Neubacher* (1896), 16 Ind. App. 21, 64, 43 N. E. 576, 44 N. E. 669; *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, 181, 28 N. E. 616, 29 N. E. 775; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 304, 53 N. E. 235.

Many other announcements, equally favorable to the general verdict as against the answers to interrogatories, might be quoted, but enough has been indicated to require an affirmance of this judgment.

Judgment affirmed.

Shea, J., did not participate in any ruling herein.

NOTE.—Reported in 98 N. E. 375. See, also, under (3) 3 Cyc. 980; (5) 38 Cyc. 1030; (6) 38 Cyc. 1909; (7, 8, 9) 38 Cyc. 1927. On the question of the liability of a carrier for injury to mail clerk, see 26 L. R. A. (N. S.) 1058; 6 Ann. Cas. 683; 11 Ann. Cas. 882.