# Ladoga Canning Company *v.* Corydon Canning Company.

[No. 7,518.　Filed June 7, 1912.　Rehearing denied December
20, 1912.]

1. TRIAL.—*Verdict.—Answers to Interrogatories.*—A general verdict will stand, as against the jury's answers to interrogatories, where the facts specially found are not inconsistent therewith, or where the verdict and the special findings can be reconciled with each other under any state of facts provable under the issues. p. 26.

2. APPEAL.—*Review.—Presumptions.—Verdict.—Special Findings.* —Every reasonable presumption will be indulged in favor of a general verdict, but nothing will be presumed in aid of the special findings of the jury. p. 27.

3. SALES.—*Breach of Contract.—Measure of Damages.*—The measure of damages for the seller's failure to deliver goods contracted for, is the difference between the market price and the contract price at the place of delivery on the date of the default. p. 27.

4. SALES.—*Breach of Contract.—Verdict.—Answers to Interrogatories.*—In an action against a seller for breach of a contract to deliver 5,000 cases of tomatoes as soon as packed, answers to interrogatories showing that defendant had the 5,000 cases ready for delivery before September 28, that no delivery had been made, except of sample, that on October 10 the market price was higher than the contract price, but failing to show the market price at any other time, are not in conflict with a general verdict awarding plaintiff nominal damages only, since, indulging all presumptions in favor of the general verdict, it means that defendant did not comply with the contract to deliver the tomatoes as soon as packed, and that at the time of the default the market price was no higher than the contract price. p. 27.

5. DAMAGES. — *Breach of Contract. — Nominal Damages.* — Where there has been a breach of a contract by one of the parties, the other is at least entitled to recover nominal damages. p. 28.

6. APPEAL. — *Review. — Harmless Error.—Ruling on Demurrer.*— Error, if any, in overruling appellant's demurrer to a paragraph of answer, was harmless, where the finding was in appellant's favor. p. 28.

7. APPEAL.—*Questions Reviewable.—Evidence.—Bill of Exceptions.* —Where it is not shown that the bill of exceptions containing the longhand transcript of the evidence was presented within time, and the filing thereof, after being signed, does not appear by a

record entry independent of the bill itself, or by the clerk's certificate, the evidence is not in the record and questions arising thereon cannot be considered. p. 28.

8. APPEAL.—*Bill of Exceptions.—Absence of Judge from State.— Overruling Motion for Signature Nunc Pro Tunc.—Review.—* Where judgment was rendered on May 22, and appellant was given ninety days in which to present and file a bill of exceptions, and, on August 17, the longhand manuscript was delivered by the reporter to appellant's attorneys, who, on August 19, left the same with the clerk to be filed and approved by the judge, the action of the court in overruling appellant's motion to have the bill signed *nunc pro tunc*, where the only showing in support of such motion was that the judge was absent from the State from July 30 to September 9, was not error. p. 29.

9. APPEAL.—*Bill of Exceptions.—Absence of Judge from State.— Signature Nunc Pro Tunc.—*The right to have a bill of exceptions signed *nunc pro tunc*, on the ground that the presentation within the time allowed was defeated by the absence of the judge from the State, depends on the diligence shown by the party seeking such signature, and the question of such diligence is for determination by the sound judgment of the presiding judge from the facts of the particular case. p. 29.

From Harrison Circuit Court; *C. W. Cook*, Judge.

Action by the Ladoga Canning Company against the Corydon Canning Company. From a judgment in its favor for nominal damages, the plaintiff appeals. *Affirmed.*

*U. C. Stover* and *Wilson & Self*, for appellant.

*Evan B. Slotsenburg* and *John H. Weathers*, for appellee.

ADAMS, P. J.—Action by appellant against appellee on the following contract:

"New Albany, Ind. May 19, 1906. Sold to the Ladoga Canning Company, Ladoga, Indiana, 5000 cases Futures Standard Indiana Tomatoes, threes, at 80c per dozen, F. O. B. Factory, Corydon, Indiana; less one and one half per cent (1½%) for cash in ten days. Goods to be of 1906 packing and delivery to be made as soon as packed. Six months guarantee against swell. The seller hereby agrees to allow buyers the privilege of using their labels on 2000 cases, with $1.00 per thousand label allowance. The remaining 3000 to be under seller's

labels. In case of crop failure, we are not liable after we have filled 80% of this contract. In event we are not able to fill 80% we reserve the right to furnish other standard goods instead, or to pay the difference between the contract price and the market price, should there be an advance at the time of delivery.''

This contract was signed by the parties, and it is averred in the complaint that appellee failed and refused to carry out the terms thereof; that appellant has been ready and willing to receive the goods purchased under said contract, and that on appellee's failure to deliver the goods contracted for appellant was obliged to go into the open market and purchase goods of the same quality purchased from appellee, and was obliged to pay the market price of ninety-five cents a dozen cans for such goods; that appellant would have made a profit of fifteen cents a dozen cans, had appellee fulfilled its contract agreement, but on account of its failure so to do appellant was damaged in the sum of $1,500, for which judgment is demanded.

Appellant answered the complaint in fifteen paragraphs, of which the first was in denial and the second a plea of payment. Other paragraphs of answer were challenged by demurrer, and the twelfth, thirteenth and fifteenth were held good. Trial by jury; finding and judgment for appellant in the sum of one cent, and judgment in favor of appellee for costs.

With the general verdict the jury returned answers to sixteen interrogatories. Appellant filed its motion for judgment on the answers to the interrogatories, notwithstanding the general verdict, for $1,500. This motion was overruled, and renewed for the sum of $1,200. Appellant also filed a motion for a new trial, and a motion for a *nunc pro tunc* entry. The overruling of each of these motions, and the overruling of appellant's demurrer to the fifteenth paragraph of answer, constitute the errors relied on for reversal and not waived by failure to argue.

By the answers to the special interrogatories, the jury

found that the parties entered into the contract herein set out, and that appellee did not deliver the tomatoes contracted for, and did not deliver any, in compliance with the terms of sale, except samples; that the packing season at Corydon, Indiana, closed October 10; that appellee notified appellant on October 10 that it would ship appellant 2,000 cases, provided appellant would accept the same in full of said contract; that appellant did not accept said proposition; that the market price of canned tomatoes per dozen cans, of the kind and quality mentioned in the contract, at Corydon, Indiana, "on or about the 10th of October, 1906, and for some days thereafter," was ninety-five cents per dozen; that the market price at Ladoga, Indiana, at the same time was "supposed to be ninety-five cents per dozen"; that appellee has not paid appellant the difference between the contract price and the market price; that appellant refused to accept 2,000 cases under said contract, but not the whole; that appellee has not paid appellant in full for the demand sued on; that no delivery was made, except samples, to Ladoga and St. Louis; that appellee on or about September 28 had 5,000 cases of tomatoes packed, so that the same could have been shipped to appellant; that before September 28, 1906, appellee had 5,000 cases of tomatoes ready to be delivered to appellant.

By the general verdict the jury found in favor of appellant on all the material allegations of its complaint, and against appellee on all the material averments of its affirmative defenses, but found that appellant was entitled to only nominal damages; in other words, the verdict is a general finding that there was a breach by appellee of the contract sued on, but that appellant was not injured thereby.

It is well settled that where a jury with its general verdict returns answers to interrogatories, the general verdict will stand, unless the facts specially found are inconsistent therewith. It is also the rule that where the general verdict and the special findings can be re-

conciled with each other under any state of facts provable under the issues, the general verdict will stand. *Southern R. Co.* v. *Utz* (1913), 52 Ind. App. 270, 98 N. E. 375, and cases cited. Nothing will be presumed in aid of the special findings of a jury, but every reasonable presumption will be indulged in favor of the general verdict. *Lousiville, etc., R. Co.* v. *Creek* (1892), 130 Ind. 139, 142, 29 N. E. 481, 14 L. R. A. 733; *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, 181, 28 N. E. 616, 29 N. E. 775; *Louisville, etc., R. Co.* v. *Summers* (1892), 131 Ind. 241, 243, 30 N. E. 873.

The contract sued on provides that the goods sold were to be of 1906 packing, and delivery was to be made as soon as packed, at eighty cents per dozen f. o. b. factory, Corydon, Indiana. The jury found that appellee on or about September 28 had the whole amount of goods contracted for packed and ready for delivery to appellant. The jury also found that before September 28, 1906, appellee had 5,000 cases of tomatoes ready to be delivered to appellant.

The gravamen of this action is the breach of a contract, and to warrant a recovery there must have been a default on the part of appellee, in which event the measure of damages would be the difference between the market price and the contract price on the date of the default at the place of delivery.

By the terms of the contract sued on, it was provided that the tomatoes were to be delivered as soon as packed. While the jury found that appellee had the 5,000 cases of tomatoes ready to be delivered to appellant before September 28, 1906, the exact time is not found. By the general verdict, the jury found that delivery had not been made as soon as the tomatoes were packed, and appellee was therefore in default and liable to appellant for at least nominal damages. The answers to interrogatories do not show the market price at any time prior to October 10. The special finding, that the market price

was higher than the contract price on October 10, has no significance, and is not in conflict with the general verdict. The inquiry, to be available, must relate to the market price at the time of default. *McCollum* v. *Huntington* (1875), 51 Ind. 229.

As all presumptions are indulged in favor of the general verdict, the meaning of the verdict must be that appellee did not comply with the contract, wherein it agreed to make delivery of 5,000 cases of tomatoes as soon as packed, and that at the time of default the market price was no higher than the contract price.

It is a well-settled rule that where there has been a breach of a contract by one of the parties, the other is at least entitled to recover nominal damages. *Grau* v. *Grau* (1906), 37 Ind. App. 635, 638, 77 N. E. 816. The answers to interrogatories are not in conflict with the general verdict, and there was no error in overruling the motion for judgment on the interrogatories, notwithstanding the general verdict.

Error predicated on the overruling of the demurrer to the fifteenth paragraph of appellee's answer is not available, for the reason that the finding was in appellant's favor, and the error, if any, was harmless. *Tucker* v. *Roach* (1894), 139 Ind. 275, 278, 38 N. E. 822; *Equitable Trust Co.* v. *Torphy* (1906), 37 Ind. App. 220, 222, 76 N. E. 639; *Souders* v. *Jeffries* (1884), 98 Ind. 31.

Appellee insists that all alleged errors arising on the motion for a new trial are not before us, for the reason that the evidence is not in the record, the bill of exceptions not having been filed after it was signed by the judge. It is now well settled in this State that to bring the evidence into the record, it is necessary to show that the bill of exceptions containing the longhand transcript of the evidence was presented within time, and was filed after being signed; that the filing should be shown by a record entry independent of the bill itself, or shown by

the clerk's certificate. This question was recently passed on by this court in *Hoffman* v. *Isler* (1912), 49 Ind. App. 284, 97 N. E. 188, wherein the rule was clearly announced and the authorities collected and cited. We must, therefore, hold that the evidence is not in the record, and cannot be considered in the determination of this appeal.

The remaining error relied on is that the court 8. erred in overruling appellant's motion for a *nunc pro tunc* entry. This is brought into the record by special bill of exceptions, which shows that the judg- 9. ment was rendered on May 22, 1909, and appellant was given ninety days in which to present and file its bill of exceptions. About August 17, 1909, the reporter delivered the longhand manuscript of the evidence to appellant's attorneys, and on August 19 said transcript was left with the clerk to be filed and approved by the judge. The judge of the court was absent from the State of Indiana from July 30, to September 9, 1909. By the motion, appellant sought to have the judge sign the bill of exceptions as of August 19. The right to have such entry made *nunc pro tunc* depends on the diligence shown by the party seeking it. In this case the only showing was that the judge was absent from the State from July 30 to September 9, 1909. In *Lengelsen* v. *McGregor* (1904), 162 Ind. 258, 268, 67 N. E. 524, 70 N. E. 248, the court said: "The right, however, rests upon diligence, and upon the fact that the exceptor has done all he reasonably could do to secure the prompt approval of his exceptions, and whether he has been diligent or not must be determined by the sound judgment of the presiding judge upon the facts of the particular case." The presiding judge in this case overruled the motion, and we cannot say that he did not exercise sound judgment in so doing.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 849. See, also, under (1, 2, 4) 38 Cyc. 1927; (3) 35 Cyc. 633; (5) 13 Cyc. 17; (6) 31 Cyc. 358; (7) 2 Cyc. 1041; (8, 9) 3 Cyc. 44—New Anno.