## INDIANAPOLIS STREET RAILWAY COMPANY
### *v.* JAMES.

[No. 5,372. Filed May 23, 1905.]

1. TRIAL. — *Instructions.* — *Street Railroads.* — *Excavations.*— *Negligence.*—An instruction, in an action by a pedestrian against a street railroad company, that if the jury believe that such company negligently left a dangerous and unguarded excavation in the street and that if plaintiff, without contributory negligence, fell into same in the night-time and was thereby injured, she should recover, is not erroneous as omitting to show that such unguarded excavation must be shown to be the proximate cause of such injury. p. 545.

2. SAME. — *Instructions.* — *Characterizing Acts as "Negligent."*— *Res Ipsa Loquitur.*—Where the acts of defendant, set forth in an instruction, of themselves show negligence, it is not necessary to instruct that such acts were "negligently" committed. p. 546.

3. SAME.— *Instructions.*— *Street Railroads.*— *Excavations.*—*Barriers.* —An instruction, in an action against a street railroad company, that if defendant left open an unguarded and "dangerous" excavation, and plaintiff, without contributory negligence, fell into same and was injured thereby, she should recover, is not bad for failing to instruct that if a prudent man should have thought it unnecessary to provide guards, defendant should recover, since an excavation not "dangerous" would need no guards. p. 547.

4. SAME.—*Instructions Considered as a Whole.*—Although an isolated instruction does not contain all of the elements necessary to a recovery, still, when considered with the other instructions given, if the law applicable to the case is fairly stated, there is no prejudicial error. p. 547.

From Superior Court of Marion County (64,960); *Vinson Carter,* Judge.

Action by Emma James against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Lalta,* for appellant.
*John W. Kealing,* for appellee.

COMSTOCK, J.—Appellee brought this action against appellant to recover damages growing out of a fall which appellee sustained while crossing the street railway tracks on Martindale avenue, a public street in the city of Indianapolis.

The complaint was in one paragraph, and the material allegations are as follows: "That at a point in said public street where the same is crossed by certain steam railroad tracks or switches the defendant, in constructing its street railroad tracks above mentioned, made an excavation about eighteen inches in depth in said public street between the rails of one of said railroad tracks or switches, of sufficient width to permit the laying of rails for the use of the street cars of defendant, and left said excavation open and unfilled; that on the night of said December 6, 1902, the defendant carelessly and negligently left said excavation open and unprotected, and carelessly and negligently failed and neglected to place any guards around said excavation, or adopt any means to protect persons crossing or using said public street from stepping or falling into said excavation, and carelessly and negligently failed to place or station any signal or warning light at or near said excavation to warn persons crossing or using said public streets of the danger of stepping into or falling into said excavation; that said excavation when so exposed, unguarded, and, in the absence of signal or warning lights, in the night-time became and was a source of great danger to persons crossing said public street at such point; that on the night of said 6th day of December, 1902, the plaintiff, while returning to her home from the city of Indianapolis, and in the exercise of her lawful rights, and

without knowledge of the excavation aforesaid, or the danger of stepping and falling into said excavation, negligently and carelessly left unguarded and without warning lights by said defendant, proceeded to cross said public street at said point, and in so doing, without fault upon her part, stepped into, and was thrown full length into, said excavation, and across the rails laid in said excavation; that because of the darkness of the night and the absence of warning lights plaintiff could not, was unable to, and did not, see said excavation, and could not and did not realize the danger of stepping or falling into said excavation; that her said fall and the injuries consequent thereto resulted wholly from the carelessness and negligence of the defendant, as hereinbefore alleged."

The cause was put at issue by a general denial, and trial by jury resulted in a verdict on which judgment was rendered in favor of appellee for $1,000. Appellant's motion for a new trial was overruled.

1. One of the reasons set out in the motion for a new trial is the giving to the jury of instruction number nine. Appellant specifies a number of alleged errors, but, at the conclusion of its brief, announces its reliance for a reversal of the judgment wholly upon the action of the court in giving said instruction. It is as follows: "If the jury believe from the evidence that on or prior to the 6th day of December, 1902, the defendant had made an excavation in Martindale avenue in the city of Indianapolis, at or near the place where the defendant's street car tracks cross a steam railroad track; that such excavation was such as to be unsafe or dangerous to passers-by at said point in the night-time; that on the night of said day the defendant left said excavation open and unguarded by any barriers, light or signal to warn travelers of the presence of such excavation, and that on said night the plaintiff, when passing, fell into said excavation, and sustained the injuries complained of in her complaint;

and if you further find from the evidence that the plaintiff was not guilty of any negligence on her part which proximately contributed to her said injuries—then plaintiff would be entitled to recover, and your verdict should be in her favor."

Counsel for appellant insist that the instruction is fatally defective because it wholly omits the element of proximate cause. The objection is founded upon the proposition—to quote from appellant's brief—"that whenever a court undertakes to enumerate the facts upon which he declares a party is entitled to recovery, he must enumerate all such facts, and the omission of any fact necessary to entitle such party to succeed is fatal error." The proximate cause of the injury, as alleged, was the negligent failure to place in the night-time any signal, barrier or warning light at or near said exposed excavation in a public street crossing. The proximate cause sufficiently appears in the instruction, in harmony with the complaint, to have been the unguarded condition of the open excavation. The statement of the counsel that, from all that appears in the instruction, appellee might have been pushed into the excavation, or fallen into it from any one of a great number of causes, is not convincing. It is not to be presumed that the jury would fail to distinguish between a casual and a wilful wrong, nor that they would seek outside the evidence a cause of the appellee's injury other than that named in the complaint. Nor can we presume (going beyond the instruction) that the trial court would have rendered judgment upon proof of a cause of action other than that stated in the complaint.

2. Further objection is made that the instruction does not characterize the act of leaving the excavation unguarded. It does not say, if you find the defendant negligently left said excavation, etc., nor does it state the circumstances under which it was left unguarded. The instruction told the jury that if they believed from the evidence the appellant had made an excavation which was dangerous to passers-

by at said point in the night-time, and had left it open and unguarded, and without light or signal on the night of the day appellee was injured, etc., this was a sufficient statement of the circumstances. Appellant violated its duty to the public having the lawful right to use the crossing in question when it made such crossing dangerous because of its failure to give warning or notice of such danger. The acts of the appellant were not charged as wilful. The mere use of the word "negligent" would not have made the acts more negligent. It was not necessary for the court to use the word negligent, because the facts stated were such that, when applied to the evidence, and construed with the other instructions as a whole, the jury were not misled as to the essential elements of appellee's cause of action.

3. It is further argued that, from all that appears in the instruction, the circumstances might have been such that a reasonably prudent man would not have thought it necessary to put up lights or barriers, and that the jury might have the right to conclude that barriers were not necessary. If barriers were not necessary, it would follow as a matter of course that the excavation was not dangerous without them, and that an injury to a passer-by was due to his or her own negligence, and not to the absence of such barriers or light or warning.

4. We think the instruction not open to the objection made, but it is the general rule that "all the instructions given are to be considered, not as distinct and independent propositions of law, each complete in itself, but as interdependent, connected, and reciprocal members of the entire charge." *Bowman* v. *Bowman* (1899), 153 Ind. 498. See, also, *Shields* v. *State* (1897), 149 Ind. 395, and cases cited.

Other instructions given informed the jury of the plaintiff's cause of action; that the burden was on the plaintiff to prove the material allegations of her complaint by a clear preponderance of the evidence; that to warrant a verdict in

her favor it must appear from the evidence that she had sus-
tained the injuries complained of in her complaint, or some
of them; that the defendant was guilty of the acts of negli-
gence charged against it in the complaint, or some material
portion thereof, and that such negligence was the proximate
cause of the plaintiff's injuries; that, upon proof of the
foregoing facts by a fair preponderance of the evidence, she
will be entitled to recovery, unless it also appeared that she
was herself chargeable with negligence which proximately
contributed to her said injuries, in which said latter case she
would not be entitled to recovery; that a street railway
company having the right to lay its track in the streets of a
city has the right to make any necessary excavations in the
laying of such tracks; that it was the duty, however, of
such railroad company, when such excavation was left
open at night, and was of such a character as to be unsafe
or dangerous, to guard such excavation either by putting up
guards, barriers or lights reasonably sufficient to warn pass-
ers-by on the street at such point of the existence of such
excavation, or to maintain a watchman at such excavation to
give travelers such warning; that it was the duty of a person
traveling upon or across the streets in the city to use reason-
able care to avoid being injured, and to observe any defects
in the street which were open and obvious to the view, and
that such traveler would be chargeable with notice of such
defects as are so open and obvious to the view that reasonable
care on the part of such traveler would disclose the same;
that, in determining the question whether the excavation was
so obvious to view that plaintiff ought to have known of
the same in time to avoid her injuries, the jury should
take into consideration the time of day or night when plain-
tiff fell therein, if she did so fall, also the condition of light
or darkness at the time and place, and all the other condi-
tions and circumstances surrounding said place in contro-
versy, as shown by the evidence in the cause; that if the
jury found from the evidence that there was at the time and

place of the accident in controversy a signal or red light reasonably sufficient to warn persons of the existence of said excavation and the danger thereof, if the same existed and was unsafe and dangerous, if they should use reasonable and ordinary care to see the same, or if they found that the plaintiff was not injured at the place and in the manner charged in the complaint, or that the plaintiff was guilty of any negligence which proximately contributed to her injuries, then in either event plaintiff would not be entitled to recovery, and the verdict should be for the defendant.

The instructions as a whole correctly advised the jury relative to the law by which they were to be controlled in arriving at a verdict, and where this is true appellate courts are not warranted in disturbing a judgment, although an instruction may be defective or erroneous. §670 Burns 1901, §658 R. S. 1881.

Judgment affirmed.