# MARION COUNTY CONSTRUCTION COMPANY v. CLAYCOMB ET AL.

[No. 7,649.    Filed June 4, 1912.    Rehearing denied January 28, 1913.    Transfer denied March 6, 1913.]

1. TRIAL.—*Verdict.*—*Special Findings.*—Under §573 Burns 1908, §547 R. S. 1881, the special finding of facts controls the general verdict only when inconsistent therewith, and the general verdict must stand where the special finding can be reconciled with it under any state of facts provable under the issues. p. 683.

2. NEGLIGENCE.—*Breach of Legal Duty.*—Negligence arises on the breach of a legal duty to use care, and where there is no duty there can be no negligence. p. 684.

3. MUNICIPAL CORPORATIONS. — *Streets.* — *Excavations.* — *Duty to Guard.*—It is the duty of one who causes an excavation to be made in a public street to guard the same, and to use reasonable care to protect persons lawfully using such street from injury on account of such excavation. p. 684.

4. NEGLIGENCE.—*Actionable Negligence.*—An action for negligence will not lie against a defendant, unless he was owing some duty to the injured person at the time and place where the injury occurred, and which he omitted to perform. p. 685.

5. NEGLIGENCE.—*Delegation of Legal Duty.*—*Joint Tort-Feasors.*— While one, personally bound to perform a duty, cannot relieve himself from such obligation by a contract for its performance by another, and cannot interpose such contract as a defense, such rule does not apply as between joint tort-feasors. p. 686.

6. MUNICIPAL CORPORATIONS.—*Streets.*—*Excavation by Water Company in Connection With Work of Sewer Construction Company.* —*Negligence.*—*Verdict.*—*Answers to Interrogatories.*—Where, in an action for injuries sustained in falling into an excavation in a street made by a water company in connection with the work of sewer construction in charge of a construction company, it was shown that the construction company in undertaking the construction of the sewer undertook to use all due precaution for the safety of persons and property, and where, under the issues, it was competent to show that in its contract with the city the construction company undertook to protect the mains and service

682    APPELLATE COURT OF INDIANA,

Marion, etc., Construction Co. v. Claycomb—52 Ind. App. 681.

pipes of the water company, it will be presumed that such fact was shown, so that interrogatories showing that the excavation was made by the water company for the purpose of closing a water pipe laid across the street where the sewer was being constructed, and was made pursuant to a contract with the construction company wherein the latter agreed to place lights and danger signals at such excavation, and that it failed to do so, are not in conflict with the general verdict against the construction company on the theory that its agreement with the water company was not binding on it. p. 686.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by Clara Belle Claycomb against the Marion County Construction Company and others. From a judgment for plaintiff, the defendant, Marion County Construction Company, appeals. *Affirmed.*

*Robert W. McBride*, for appellant.

*Charles D. Kelso* and *George H. Voigt*, for appellees.

ADAMS, P. J.—Action by appellee Clara Belle Claycomb against appellant, appellee The New Albany Waterworks and the City of New Albany, to recover damages for personal injuries occasioned by the negligence of defendants in failing to guard an excavation in one of the public streets of New Albany, into which appellee fell and was injured. Before verdict the action was dismissed as to the City of New Albany.

It is charged in the complaint that at the time of the happening of the grievances complained of, The New Albany Waterworks was the owner of and engaged in operating a system of waterworks in the city of New Albany, and in supplying said city and its inhabitants with water; that a part of its system of mains and pipes was located in State street, one of the public streets of said city, and near the point where plaintiff was injured; that defendant the Marion County Construction Company, under a contract with the city of New Albany was at the time engaged in the construction of a general system of public storm and sanitary sewers in said city, and in the performance of its work exca-

vated trenches in said State street near the point where plaintiff was injured; that this excavation intersected a service pipe of the water company, and, for the purpose of enabling defendant construction company to pursue its work, defendants dug a large hole in said street at a place used by the public, in order that they might cut off the water from such service pipe, to prevent the tearing up of the pipe by the construction company and flooding its trenches; that this hole became filled with water, and was negligently left by defendants uncovered and unguarded, and without any signal lights or barriers to warn the public of its existence and of the danger caused thereby; that defendants knew that this hole had been made in the street, and that it was unguarded, but that plaintiff had no knowledge of its existence; that the excavation was made in pursuance to the terms of a contract between defendant construction company and the city; that on the night of July 22, 1905, plaintiff, without fault on her part, and while exercising due care, when walking along said street, stepped into said excavation, and was thereby severely and permanently injured. Each defendant answered the complaint by general denial. Trial by jury; finding and verdict against appellant in favor of appellee Claycomb in the sum of $1,700, and in favor of appellee The New Albany Waterworks for costs. With its general verdict the jury returned answers to fifty interrogatories. Appellant's motion for judgment in its favor on the answers to the interrogatories, notwithstanding the general verdict, was overruled, and this constitutes the only error relied on for reversal.

It is a matter of statutory enactment that the special finding of facts controls the general verdict only when inconsistent therewith. §573 Burns 1908, §547 R. S. 1881.

1. Where the general verdict and special findings can be reconciled with each other under any state of facts provable under the issues, the general verdict will stand. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 304,

53 N. E. 225; *Louisville, etc., R. Co.* v. *Summers* (1892), 131 Ind. 241, 243, 30 N. E. 873; *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, 181, 28 N. E. 616, 29 N. E. 775; *Ohio, etc., R. Co.* v. *Trowbridge* (1890), 126 Ind. 391, 398, 26 N. E. 64; *Evansville, etc., R. Co.* v. *Marohn* (1893), 6 Ind. App. 646, 653, 34 N. E. 27; *Indianapolis Union R. Co.* v. *Neubacher* (1896), 16 Ind. App. 21, 64, 43 N. E. 576, 44 N. E. 669; *Southern R. Co.* v. *Utz* (1913), 52 Ind. App. 270, 98 N. E. 375.

Negligence arises on the breach of a legal duty to use care, and where there is no duty there can be no negligence.
2. *Barrett* v. *Cleveland, etc., R. Co.* (1911), 48 Ind. App. 668, 96 N. E. 490; *Brooks* v. *Pittsburgh, etc., R. Co.* (1902), 158 Ind. 62, 68, 62 N. E. 694. It is the duty of a party who causes an excavation to be made in a public
3. street to guard the same, and to use reasonable care to protect from injury, on account of such excavation, persons lawfully using such street. *Indianapolis St. R. Co.* v. *James* (1905), 35 Ind. App. 543, 74 N. E. 536.

The jury, by special interrogatories twenty-five to thirty-two, inclusive, which are the only interrogatories set out in appellant's brief, found that the construction company at the time of and prior to plaintiff's injury was engaged in constructing a sewer under State street; that the excavation into which plaintiff fell was made for the purpose of closing a water pipe laid across the street where the sewer was being constructed; that the excavation was made by the employes of the water company, under a prior agreement between the construction company and the water company; that the workmen of the water company, under the direction of the superintendent of said company, made the excavation for the construction company, pursuant to said agreement; that the construction company in said agreement undertook to place lights as danger signals at excavations made by the employes of the water company wherever necessary; that the construction company did not place lights at the excavations

while constructing said sewer, and no light was placed at the excavation into which plaintiff fell.

The single proposition urged by appellant and relied on for reversal is that the New Albany Waterworks was legally bound to make and guard the excavation into which plaintiff fell; that the alleged agreement on the part of appellant to guard, as found by the jury, was without consideration, was a mere *nudum pactum*, was void, and imposed no legal obligation, contractual or otherwise, on appellant.

An action for negligence will not lie against a defendant, unless the defendant was owing some duty to the injured person at the time and place where the injury occurred, and which duty the defendant omitted to perform. *Faris* v. *Hoberg* (1893), 134 Ind. 269, 274, 33 N. E. 1028, 39 Am. St. 261; *Daugherty* v. *Herzog* (1896), 145 Ind. 255, 256, 44 N. E. 457, 32 L. R. A. 837, 57 Am. St. 204; *Evansville, etc., R. Co.* v. *Griffin* (1885), 100 Ind. 221, 222, 50 Am. Rep. 783.

The theory of appellant is that whatever franchise rights were granted by the city of New Albany to the water company to use the streets for the purpose of laying its mains and service pipes were subordinate to the right of the city to construct sewers in the same streets; that the franchise necessarily carried with it an implied reservation by the city thereafter to construct sewers and subject to an implied duty on the part of the water company to make any and all changes in the location of its mains and service pipes that might be found necessary to permit the construction of such sewers; that this implied duty was a continuing obligation running through the life of the franchise, from which the water company could not relieve itself by contract with third persons, and that it carried with it the duty of making excavations in streets which might be found necessary to prevent interference by its mains and pipes with the construction of such sewers.

It is true that one who is personally bound to perform a

duty cannot relieve himself from the burden of such obligation by any contract which he may make for its

5. performance by another person, and that the one on whom the obligation originally rests cannot successfully interpose the defense that he has entered into a contract with another by which the latter undertook to perform the duty, but this principle applies to persons injured by some neglect of duty, and does not obtain as between joint tort-feasors.

In this case it was competent under the issues to show, and as a matter of fact it was shown, that appellant not only undertook to construct the sewer according to speci-

6. fications, but to employ all necessary day and night watchmen, to erect and place all necessary barricades and lights, and to use all due precaution for the safety of persons and property.

It was competent to show, and it must be presumed that it was shown, that appellant in its contract with the city undertook to protect the mains and service pipes of the water company. No authority has been cited, and we assume that none can be found, holding that under such conditions appellant could not lawfully contract with the water company to do this work, and agree to guard all excavations made by said company in so doing, and be bound by such agreement.

The jury specially found that the unguarded excavation in the street was made by the water company pursuant to a contract with appellant, wherein the latter agreed to place lights and danger signals at such excavation, and failed to do so. The answers to interrogatories are not in conflict with the general verdict, but clearly support the general verdict.

Judgment affirmed.

Note.—Reported in 98 N. E. 744. See, also, under (1) 38 Cyc. 1929; (2, 4) 29 Cyc. 419; (3) 29 Cyc. 471; (5) 22 Cyc. 86; (6) 38 Cyc. 1927. As to when municipalities are not liable for injuries arising from negligence of contractors, see 54 Am. Rep. 90.