No. 1,271.

### MERRILL v. PEPPERDINE.

DEMURRER.—*Sufficiency of.*—*Overruling of.*—*Ambiguity.*—Where a demurrer is of the following tenor: "The defendant herein demurs generally to the plaintiff's complaint, and to each paragraph thereof separately, and for cause of demurrer says that the same does not state facts sufficient to constitute a cause of action against this defendant," such demurrer is ambiguous, and there was no error committed in overruling the same.

SAME.—*Construction of.*—*Statute Construed.*—*Pleading.*—The provisions of section 379, R. S. 1894, relating to the construction of pleadings, do not apply to demurrers.

EVIDENCE.—*Malpractice.*—*Intoxication.*—*Res Gestæ.*—In an action for malpractice, evidence as to whether the defendant was intoxicated when he performed the services complained of is admissible as part of the *res gestæ*.

From the Porter Circuit Court.

*C. F. Griffin, J. G. Ibach* and *E. D. Crumpacker,* for appellant.

*N. L. Agnew* and *D. E. Kelly,* for appellee.

LOTZ, J.—This action was brought by the appellee against the appellant, to recover damages for alleged malpractice.

The complaint is in three paragraphs, and each charges in general, that the appellant was a physician and surgeon in the city of Hammond; that appellee had one of his legs broken, and employed the appellant to reduce the fracture and treat it until cured; that appellant performed his duties so unskillfully and negligently as to cause the appellee to become permanently crippled and disabled from pursuing his usual vocation. A demurrer was filed to the complaint and overruled.

The appellant answered; the cause was submitted to a jury and resulted in a verdict in favor of the appellee for $1,100, upon which judgment was rendered. The only

Merrill *v.* Pepperdine.

assignments of error discussed by appellant's counsel are the second and fourth.

The second assignment is as follows: "The court erred in overruling the demurrer to the complaint generally, and to each paragraph separately."

The fourth is: "The court erred in overruling the motion for a new trial."

The record before us does not affirmatively disclose upon which paragraph of the complaint the judgment is founded. The first and third paragraphs are seemingly predicated upon the negligence of the appellant in failing to perform properly the duties resting upon him as such physician and surgeon, while the second paragraph is seemingly predicated upon the breach of a contract in failing to perform such services as agreed upon.

The sufficiency of the second paragraph is not seriously questioned, and we think it is good. Appellant asserts that the demurrer filed to the complaint is directed to each paragraph thereof separately; that the first and third paragraphs are fatally defective for want of averments which negative contributory negligence on the part of the plaintiff; that as it does not affirmatively appear upon which paragraph the judgment rests, it was reversible error to overrule the demurrer to each paragraph. These positions are maintained with much skill and learning by appellant's counsel, and if found true will result in a reversal of the judgment. Appellee's counsel meet these contentions by denying that the demurrer is a several demurrer to each paragraph, but assert that it is a general demurrer directed to the complaint as an entirety, and that if any one paragraph was sufficient the demurrer was properly overruled.

The demurrer is in these words: "The defendant herein demurs generally to the plaintiff's complaint and

to each paragraph thereof separately, and for cause of demurrer says that the same does not state facts sufficient to constitute a cause of action against this defendant.''

Considerable confusion exists in the decisions of the appellate courts of this State, as to when a demurrer is joint or general or separate.

The appellant relies chiefly upon the case of *Terre Haute, etc., R. R. Co.* v. *Sherwood,* 132 Ind. 129. The form of the demurrer in that case was as follows: ''Come now the defendants and demur severally to each paragraph of the complaint as amended, because the same does not state facts sufficient to constitute a cause of action against defendants.''

In speaking of this demurrer the court said: ''We regard the demurrer as a several one addressed to each paragraph of the complaint. The demurrer employs the term 'severally' as directed against each paragraph, and the words 'the same' must be regarded as referring to each paragraph, and not to the entire complaint.''

The appellee relies chiefly on the case of *Baker, Guar.,* v. *Groves,* 1 Ind. App. 522.

The form of the demurrer there was in these words: ''The defendant, in the above entitled cause, demurs severally to the several paragraphs of plaintiff's complaint, for the reason that said complaint does not state facts sufficient to constitute a cause of action.''

This court said: ''The demurrer to the complaint is practically joint, and not several, because it is an entire complaint, consisting of several paragraphs, which is said not to state facts sufficient to constitute a cause of action.''

In *Silvers* v. *Junction R. R. Co.,* 43 Ind. 434, the forms of demurrers were considered at great length, and it was held that a demurrer in this form: ''Now comes the de-

fendants * * * and demur to the second, third, and fourth paragraphs of plaintiff's reply to defendant's answer upon the following grounds.'' (The cause of demurrer then being stated separately to each paragraph.) This was decided to be a joint and not a several demurrer.

In *Stribling* v. *Brougher*, 79 Ind. 328 (333), the court, in speaking of the form of demurrer, said: ''In support of his position counsel has cited a number of cases in this court, in several of which demurrers, very similar in form to the demurrer in this case, were held insufficient; but these rulings do not meet with our approval, and we can not follow them.''

The cases that are disapproved are not referred to by their title, and we are not able to determine what ones fall under the ban of the court's disapproval.

In *Terre Haute, etc., R. R. Co.* v. *Sherwood, supra*, it was further stated that ''The language employed in the demurrer before us is different from that used in *Baker* v. *Groves*, 1 Ind. App. 522, and the cases are, therefore, to be discriminated. The case referred to goes quite as far as the authorities warrant, and we are not willing to extend its doctrine.''

We think it apparent that no fixed rule can be laid down by which a demurrer may be determined to be either joint or several, or general or separate, but each demurrer must depend upon its own phraseology. To demur is to interpose an objection which raises an issue of law. An objection may be made to a complaint in its entirety, or it may be made to it in its separate and distinct parts. When a complaint consists of several paragraphs, and a demurrer is directed to it as a whole, such demurrer is a joint or general demurrer to the complaint, but if a demurrer be directed against its distinct parts, or separate paragraphs, such demurrer is a separate demurrer to each paragraph. A demurrer may be both

joint and several, as applied to the parties demurring; for the parties may assail the complaint collectively or individually, or collectively and individually. The words "joint" and "general" import unity; while the word "separate" implies division and distribution. The demurrer under consideration is either joint or several. The language of the demurrer is ambiguous. It is in terms addressed to the whole complaint generally, and then the effort is to direct it to each paragraph separately.

The antecedent of the words "the same" is uncertain. It is possible to construe the language of the demurrer so that the antecedent of "the same" may be complaint; and it is possible to so construe it that the antecedent may be each paragraph. Either of these constructions seems equally plausible. The general rule is that pleadings should be liberally construed, so far as matters of form are concerned; but this rule does not dispense with the necessity of properly pleading the facts which constitute the cause of action or defense. And where a pleading is so doubtful or ambiguous in its allegations of fact as to enable the party pleading to throw upon his adversary the hazard of correctly interpreting their meaning, and the pleading is reasonably susceptible of two or more constructions, that should be adopted which is the most unfavorable to the pleader. *State, ex rel.*, v. *Casteel, Aud.*, 110 Ind. 174 (187); section 379, R. S. 1894.

Although our statute (section 340, R. S. 1894,) denominates a demurrer as a pleading, yet, strictly speaking, a demurrer is not a pleading. In the common law practice, a plea is the defendant's answer to the merits of the declaration, as opposed to a demurrer. And to plead is to make allegations of fact which follow and oppose the allegations in the declaration. It is in this

sense that "plea" and "to plead" are now generally understood. Anderson's Law Dic.

The word "pleading," in its broadest sense, includes all proceedings from the complaint until issue is joined, but in its most limited sense it means the defendant's answer to the complaint.

The liberality provided for in the construction of pleadings by section 379, *supra*, does not, in our judgment, extend to demurrers. It is the "allegations" that "shall be liberally construed." An "allegation," as that term is used in pleading, is the statement of what one can prove, the positive assertion of a fact. It is not the office of a demurrer to allege facts. The form of the demurrer in this case is the act of the appellant. The demurrer is ambiguous and uncertain. It is the appellant who seeks to overthrow the judgment. To accomplish his purpose, he must point out its defect and assail it in some definite and specific manner. This the demurrer and the assignment of error based upon it fail to do.

On the trial of the cause, the court permitted the appellee to show by himself, and other witnesses, the condition of the appellant as to being intoxicated and as to his appearance at the time the services were being performed. These rulings were assigned as causes for a new trial. There was no error in admitting this evidence, as the condition of the appellant in performing the service was a part of the *res gestæ*.

Judgment affirmed, at costs of appellant.

Filed Mar. 30, 1894.