Jenkins v. Wilson.

Filed March 1, 1895.

———————◆———————

No. 16,817.

JENKINS v. WILSON.

INSTRUCTIONS TO JURY.—*Instructions Refused.*—*Evidence not in Record.* —*Presumption.*—Unless the evidence is in the record, it must be presumed that instructions refused were properly refused, even though they announce correct propositions of law, for the reasons that they were not applicable to the evidence.

SAME.—*Giving or Refusing.*—*Exception to Ruling.*—Error can not be predicated on the action of the court in giving or refusing to give instructions, unless such action is excepted to in some recognized mode by the party complaining.

BILL OF EXCEPTIONS.—*Formal Commencement.*—A bill of exceptions must have a formal commencement as well as a conclusion.

SAME.—*Transcripts Should Show Filing of Bill.*—If the transcript does not show that the bill of exceptions was filed in the clerk's office, it is not a part of the record.

From the Hamilton Circuit Court.

*W. S. Christian* and *I. W. Christian*, for appellant.
*W. R. Fertig* and *H. J. Alexander*, for appellee.

McCABE, C. J.—Action by the appellant against the appellee for malicious prosecution. Upon the issues

formed, there was a jury trial resulting in a verdict for the defendant, upon which the circuit court rendered judgment over appellant's motion for a new trial.

The error assigned is upon the action of the circuit court in overruling the appellant's motion for a new trial.

The errors complained of, under the motion for a new trial, are the giving and the refusal to give certain in-- structions.

The appellant asked the court to give certain instructions set out in a bill of exceptions in the record. Unless the evidence is in the record we must presume the instructions were properly refused, even though they announce correct propositions of law, for the reason that they were not applicable to the evidence. *Stout* v. *Turner*, 102 Ind. 418; *Shafer* v. *Stinson*, 76 Ind. 374; *Blizzard* v. *Bross*, 56 Ind. 74; *Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325; *Ruffing* v. *Tilton*, 12 Ind. 259; *State* v. *Beackmo*, 8 Blackf. 246.

There is in the transcript what purports to be the longhand manuscript of the evidence, but it is not embodied in a proper bill of exceptions. At the conclusion of the longhand manuscript is what purports to be a conclusion of a bill of exceptions, and the same is signed by the trial judge. But there is no where any pretense of a commencement to the bill of exceptions.

A bill of exceptions must have a formal commencement, as well as a conclusion. *Johnson* v. *State*, 65 Ind. 269; *Bement* v. *May*, 135 Ind. 664.

Besides, there is no statement in the record that what is claimed as a bill of exceptions was ever filed in the clerk's office. The transcript must show that the bill of exceptions was filed in the clerk's office or it is no part of the record. *Loy* v. *Loy, by Next Friend*, 90 Ind. 404; *Shulse* v. *McWilliams*, 104 Ind. 512.

The question of the correctness of the instructions asked by the appellant and refused by the court is, therefore, not presented by the record before us.

The court of its own motion gave to the jury, at the proper time, a series of instructions, which action of the court is complained of by the appellant in his motion for a new trial. It is contended by his counsel, with much ability, that these instructions do not state the law correctly, to his injury. But we find he did not except to the giving of such instructions. As before observed, the appellant was the plaintiff. And the bill of exceptions states "that the defendant at the time excepted to the giving of each of said instructions, etc." There is no other exception in the record to the giving of said instructions.

If these instructions had been given at the request of the defendant, and the only exception stated in the record was stated as taken by the defendant, possibly, a different question might be presented. In such a case there might be room for the contention that the use of the word defendant was a clerical mistake, and that the word plaintiff was intended, because a defendant could not except to the granting of his own request. But here, the instructions were given by the court on its own motion, and either party had a right to except to the court's action in giving them. And the record states, that is, the trial judge states, over his signature to the bill of exceptions, that it was the defendant that excepted to the giving of the instructions complained of by the plaintiff the appellant. There is nothing in the record tending to raise an inference that it was not in fact the defendant who excepted, and there is nothing unnatural or unusual in his excepting. It was his clear right to do so, and the statement in the bill of exceptions that it was the defendant, and not the plaint-

iff, imports absolute verity, and we are bound by such statement. Error can not be predicated on the action of the court in giving or refusing to give instructions, unless such action is excepted to in some recognized mode by the party complaining. *Mendenhall* v. *Treadway*, 44 Ind. 131; *Trogden* v. *Deckard*, 45 Ind. 572; *Leverich* v. *State*, 105 Ind. 277.

The appellant is the one now complaining of the error in giving those instructions, but the record fails to show that he excepted to the giving of them. He therefore can not predicate error upon the action of the court in giving them.

There being no available error in the record, the judgment is affirmed.

