Filed March 12, 1896.

---

No. 1,930.

HUSTON ET AL. *v.* COSBY.

BILL OF EXCEPTIONS.—*Caption.*—A bill of exceptions must have a caption of some kind identifying it as a paper filed and belonging to the records in the case, to be available upon appeal to the Appellate Court.

APPELLATE PROCEDURE.— *Waiver of Error.* — *Failure to Argue.* — Specifications of error assigned, but not argued in the briefs of counsel, will not be considered by the Appellate Court.

From the Vanderburgh Circuit Court.

*J. E. Williamson,* for appellants.

*C. L. Wedding,* for appellee.

Ross, J.—The appellee brought this action upon a promissory note given by the Evansville Public Hall Company, and endorsed by Erastus P. Huston and David J. Mackey.

The only specifications of error assigned on this appeal are those assigned by the appellant Erastus P. Huston, and are as follows:

"1st.  The court erred in overruling appellant Huston's separate demurrer to the plaintiff's complaint.

"2d.    The court erred in overruling appellant's motion for a new trial."

The first specification of error has not been argued, hence it must be deemed to be waived.    Specifications of error assigned but not argued in the briefs of counsel will not be considered by the court.

The reasons for which a new trial was asked are that the finding of the court is not sustained by sufficient evidence and is contrary to law.

It is contended by the appellee that this court cannot consider the questions attempted to be presented on the ruling of the court below in overruling the motion for a new trial, for the reason that the evidence is not properly in the record.    In support of this contention it is urged that while the evidence is copied into the record it is not there in the form of a bill of exceptions, in that it is not preceded by a proper caption; that there is no recital, preceding what purports to be the testimony of witnesses, that they were sworn or testified in this cause, and that the bill of exceptions shows on its face that it does not contain all of the evidence given on the trial of the cause; that which purports to be a bill of exceptions containing the evidence has no caption, neither is it preceded by the title of the cause, nor is it identified in any way as a bill of exceptions, nor as a paper filed in said cause.

While it is true that the form of a bill of exceptions is of comparatively little importance, if it is sufficiently formal to show what it is and presents to the court the question sought to be raised, it is sufficient, yet we cannot accept and treat as a bill of exceptions every paper which a clerk may see fit to copy into a record, unless there is something to show that the paper filed is a

bill of exceptions.    There must be something identifying it as a bill of exceptions, and as a paper filed and belonging to the records in that case.    *Louisville, etc., R. W. Co.* v. *Kendall*, 138 Ind. 313.

What the form of the caption or introductory part of the bill should be is immaterial, if it sufficiently shows that it is a bill of exceptions containing the evidence introduced on the trial of the cause.    But that it is necessary to have a caption of some kind seems to be settled.    *Board, etc.,* v. *Mutchler*, 137 Ind. 140 ; *City of Alexandria* v. *Cutler*, 139 Ind. 568.

Without deciding whether or not the paper filed as a bill of exceptions in this case is sufficient and brings the evidence into the record, we are content to say that we have carefully read the evidence and think a fair trial has been had and a right result reached.    Having arrived at this conclusion, the judgment should be affirmed.    Section 658, R. S. 1881 (section 670, Burns R. S. 1894).

Judgment affirmed.

Filed November 7, 1895; petition for rehearing overruled March 13, 1896.