## KNICKERBOCKER ICE COMPANY *v.* LEWIS.

[No. 19,724.    Filed April 30, 1903.]

APPEAL AND ERROR.—*Bill of Exceptions Without Formal Introduction.*— A document incorporated in the record and signed by the trial judge as a bill of exceptions containing the evidence, can not on appeal be treated as such, where it contains no formal introduction. *p. 497.*

SAME.—*Record.—Bill of Exceptions.—"Insert."*—Where a transcript recites the filing of a bill of exceptions, and directs it to be set out by the word "insert," the bill of exceptions should appear in the transcript immediately following the recital of its filing; otherwise it can not be considered on appeal. *p. 498.*

From the Laporte Circuit Court; *J. C. Richter,* Judge.

Suit by William H. Lewis against the Knickerbocker Ice Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*M. R. Sutherland,* for appellant.
*W. A. McVey* and *F. E. Osborn,* for appellee.

JORDAN, J.—This action was prosecuted by appellee in the lower court to quiet title to certain described lands situate in section thirty-four, township thirty-seven north, range three west, in Laporte county, Indiana, and perpetually to enjoin appellant from continually trespassing thereon by cutting and taking ice from an unnavigable lake known as "Stone lake," which covered or submerged a portion of the lands of which appellee alleged in his complaint he was the owner in fee simple and in possession thereof. The cause was tried on an amended complaint consisting of four paragraphs, to each of which a demurrer for insufficiency of facts was overruled. The case was put at issue by appellant filing a general denial in answer to the complaint. The court, upon request, made a special finding of facts, and stated conclusions of law thereon favorable to

appellee, and, over appellant's motion for a new trial, rendered judgment quieting appellee's title to the premises, and perpetually enjoining appellant from entering upon, cutting, and removing ice from the lake situated upon the lands in controversy.

From this judgment appellant appeals, and the errors assigned are: "(1) That the court erred in overruling the demurrer to the first, second, third, and fourth paragraphs of the complaint; (2) that the court erred in overruling the motion for a new trial."

The only attempt by counsel to argue that the trial court erred in overruling the demurrer to the complaint is made at the close of appellant's brief. After summing up the evidence, and attempting to show that it is insufficient to support the court's finding, and that the judgment is contrary to law, counsel for appellant state: "The decisions of this State hold that the owner of the dry land takes the whole subdivision. The theory as herein expressed, it seems to us, would be in perfect harmony with these decisions where there are two or more owners abutting the lake in the same division. What we have said upon this theory applies to the demurrer which was filed to the complaint and which was overruled. Of course there is not much on the face of the complaint that shows that there are two or more owners abutting the lake in this same subdivision, but from the allegations in the complaint that the plaintiff claims ownership of the submerged bed of the lake lying between the north and south lines of the lots to the quarter section line, instead of the whole quarter section, leaves a strong inference that there are other owners that have riparian rights in the same waters."

None of the paragraphs of the complaint can be said either expressly or inferentially to show that any person other than plaintiff is the legitimate owner and in possession of the *locus in quo.* The complaint, therefore, is not

open to the above objection. As no other infirmity of the complaint in question is pointed out, its sufficiency in other respects may be assumed.

Counsel for appellee urge several .objections to the motion for a new trial, but, as the judgment must be affirmed for other reasons, we pass these without consideration.

All the questions discussed in behalf of appellant under the second assignment of error depend upon the evidence. Counsel for appellee, however, contend that the evidence is not properly in the record, and therefore these questions are not before the court for review. The evidence said to have been given on the trial was taken down by a shorthand reporter. The motion for a new trial was overruled at the May term, 1901, of the Laporte Circuit Court, and time was granted to file a bill of exceptions. On August 5, 1901, an entry in vacation was made which discloses that the defendant filed in the office of the clerk of the lower court what is denominated as "the longhand manuscript of the evidence." This entry is as follows: "William H. Lewis v. Knickerbocker Ice Company. August 5, 1901. Now comes the defendant herein by counsel and files its longhand manuscript of the evidence in the office of the clerk of the Laporte Circuit Court, in the words following, to wit: State of Indiana, Laporte County, ss. In the Laporte Circuit Court, December term, 1899. William H. Lewis v. Knickerbocker Ice Company. Counsel for plaintiff offered in evidence a certified copy of the original government survey of the south half of section thirty-four, township thirty-seven north, of range three west, which is marked exhibit 1, and is as follows, to wit." Here follow the document offered and also what purports to be other evidence offered in the case. At the close of this longhand manuscript is attached a certificate of the shorthand reporter, certifying that the "foregoing manuscript is a full, true, and complete copy * * * of the shorthand report of said evidence."

Immediately after this certificate is the following: "And the defendant now here, to wit, on the 15th day of August, 1901, within the time fixed by the court, presents this, its bill of exceptions, to John C. Richter, Judge of the Laporte Circuit Court, and prays that the same be examined, approved, signed, sealed, and made a part of the record in the above entitled cause, which is accordingly done on this 14th day of September, 1901. John C. Richter, Judge of Circuit Court." On September 23, 1901, the following vacation entry in the cause was made: "William H. Lewis v. Knickerbocker Ice Company. Now comes the defendant herein by counsel and files its bill of exceptions in the office of the clerk of the Laporte Circuit Court, in these words: (insert)."

It is evident from the parts of the transcript herein set out that the evidence, together with the rulings and exceptions incident thereto, has not been made a part of the record by a bill of exceptions as the law requires. It is affirmatively disclosed that the document which the trial judge signed is the longhand manuscript of the evidence filed in the office of the clerk of the lower court on August 5, 1901, prior to its being signed by the judge. This document is entirely devoid of any formal beginning to show that it was intended as a bill of exceptions to serve the purpose of making the evidence given in the case a part of the record. It is nothing more nor less than what the entry recites, "the longhand manuscript of the evidence." There is no pretense whatever at the commencement of this document, or in the introductory part thereof, to indicate that it is a bill of exceptions making the evidence a part of the record, and it should not have been treated or signed as such by the trial judge. *Richwine* v. *Jones,* 140 Ind. 289. That it can not be regarded as a bill of exceptions containing the evidence is fully settled by many decisions of this court, among which we cite the following: *Jenkins* v. *Wilson,* 140 Ind. 544; *Wagoner* v. *Wilson,* 108 Ind.

210; *Chicago, etc., R. Co.* v. *Wolcott,* 141 Ind. 267, 50 Am. St. 30; *Rohrof* v. *Schulte,* 154 Ind. 183; Ewbank's Manual, §29.

If the document in question could be considered as a bill of exceptions embodying the evidence, the entry in vacation does not show that it is the same identical bill which was filed after being signed and directed to be set out by the word "insert." All that is shown by this entry is that a bill of exceptions was filed "in these words" (insert). As there is nothing whatever set out in the transcript following the word "insert" which purports to be a bill of exceptions or a manuscript of the evidence, we are left wholly to conjecture or surmise in respect to the particular bill that was filed and directed to be inserted. Nothing appearing to the contrary, we may assume that some bill of exceptions in the case was filed with the clerk, which that official has failed to set out in the transcript. If one was filed, as the entry recites, it should appear in the transcript immediately following the entry or recital of its filing. *Miller* v. *Evansville, etc., R. Co.,* 143 Ind. 570.

It is evident that there has been a total failure to bring the evidence before this court by a bill of exceptions as required by the act of 1897 (Acts 1897, p. 244). Therefore the questions depending thereon can not be considered.

Judgment affirmed.