McMillan, Administrator, *v.* Plymouth Electric Light and Power Company.

[No. 9,827.   Filed June 3, 1919.]

1. Appeal.—*Record.—Bill of Exceptions.—Filing.*—A purported bill of exceptions embodied in the transcript cannot be considered a part of the record, unless it appears that it was duly filed, which must be shown either by an order-book entry or by the certificate of the clerk of the trial court, and that such filing was made during the term at which the motion for a new trial was overruled, or within a time given beyond such term for that purpose.   p. 338.

MAY TERM, 1919. 337

McMillan, Admr., *v.* Plymouth, etc., Power Co.—70 Ind. App. 336.

2. EXCEPTIONS, BILL OF.—*Requisites.*—*Certificate of Judge.*—The longhand report of the evidence alone does not constitute a bill of exceptions, the certificate of the trial judge being required to make it a completed bill. p. 339.

3. EXCEPTIONS, BILL OF.—*Filing.*—*How Shown.*—*Clerk's Certificate.* —*Sufficiency.*—The certificate of the clerk merely reciting that the transcript contains the longhand report of the evidence as filed in his office by the court reporter is not sufficient to show that the bill of exceptions containing the evidence was filed. p. 340.

4. APPEAL.—*Record.*—*Bill of Exceptions.*—*Filing.*—*How Shown.*— The filing of a bill of exceptions cannot be shown on appeal by the file mark of the clerk thereon alone. p. 340.

5. EXCEPTIONS, BILL OF.—*Incorporating in Record.*—*Praecipe.*—A written praecipe addressed to the clerk, directing him to make out a complete transcript of all the pleadings, entries and orders made and entered of record in the cause, did not include a direction to include a bill of exceptions containing the evidence. pp. 340, 341.

6. PLEADING.—*Definition.*—*Scope.*—Pleadings in a cause are the formal statements by the parties of their respective claims and defenses, and in the broadest sense include all proceedings from the complaint until issue is joined. p. 341.

7. MOTIONS.—*Order.*—An order of court is a judgment or conclusion of the court on any motion or proceeding by which affirmative relief is granted or relief denied. p. 341.

8. COURTS.—*Entry.*—An entry, as applied to judicial proceedings is a statement of a conclusion reached by the court, or an act done during the progress of a cause, which is spread of record, and designed to furnish incontestable evidence of the matter stated. p. 341.

9. APPEAL.—*Record.*—*Praecipe.*—Where a written praecipe for a transcript is filed calling for less than the entire record, only such papers and entries as are mentioned therein are properly a part of the record on appeal. p. 341.

10. EXCEPTIONS, BILL OF.—*Requisites.*—*Identification.*—*Statement.* —While it is not necessary that a bill of exceptions containing the evidence shall have any particular form of introduction, yet it should be preceded by a statement sufficient to identify it as a bill of exceptions. p. 342.

11. APPEAL.—*Questions Reviewable.*—*Evidence.*—*Bill of Exceptions.*—In order to have the evidence considered on appeal, the bill of exceptions in the record must show that it contains all the evidence. p. 342.

12. APPEAL. — *Questions Reviewable.* — *Assignments of Error.* — Where the only error assigned on appeal is the action of the

court in overruling the motion for a new trial, and the only grounds therefor alleged therein require a consideration of the evidence, which is not in the record, no question is presented for review.  p. 342.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by Walter J. McMillan, administrator of the estate of James McMillan and Company against the Plymouth Electric Light and Power Company.  From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Gallagher & Messner, Adam E. Wise* and *Messner & Higgins,* for appellant.
*Harley A. Logan,* for appellee.

BATMAN, C. J.—This is an action by appellant against appellee to foreclose a mechanic's lien, in which a judgment was rendered in favor of the latter against the former.  The sole error relied upon for reversal is the action of the court in overruling appellant's motion for a new trial, which is based solely on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law. It thus appears that the only questions which appellant seeks to present by this appeal require a consideration of the evidence.

Appellee asserts that the evidence is not in the record, and we will first direct our attention to a consideration of this contention, for, if it is well
1.    taken, there is nothing presented for our determination.  An inspection of the transcript filed in this court discloses that there is embodied therein what purports to be a bill of exceptions containing the evidence, but it does not follow from this that

MAY TERM, 1919.                   339

McMillan, Admr., *v.* Plymouth, etc., Power Co.—70 Ind. App. 336.

such bill is a part of the record. Certain other facts must appear before it can be so considered. Among other things, it must appear that it was duly filed. *Hoover* v. *Weesner* (1897), 147 Ind. 510, 45 N. E. 650, 46 N. E. 905. Such filing must be shown either by an order-book entry, or by the certificate of the clerk of the trial court. *Howe* v. *White* (1904), 162 Ind. 74, 69 N. E. 684; *Graves* v. *Jenkins* (1915), 58 Ind. App. 500, 108 N. E. 531. It must also appear that such filing was made during the term at which the motion for a new trial was overruled, or within a time given beyond such term for that purpose. *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 96 N. E. 708; *Home Stove Co.* v. *Bishop* (1918), 67 Ind. App. 276, 119 N. E. 152. In the instant case the record fails to show a compliance with any of these requirements. It appears that the judgment from which this appeal is taken was rendered at the May term of the Marshall Circuit Court in the year 1916. Appellant filed a motion for a new trial in due time, which was overruled at the following September term of said court. The record fails to show that the alleged bill of exceptions was filed during said term, or that any time was given appellant beyond the expiration thereof for such purpose. In fact, the record does not show, by either of the recognized methods, that it was ever filed, there being no order-book entry to that effect in the transcript, and the clerk's certificate being silent in that regard. True, the clerk's certificate recites that the transcript contains "the longhand report of the evidence * * * as filed in my office by Francis Karn, court reporter of said court," but it makes no reference to the filing of any bill of exceptions. The longhand report of the evidence alone does not constitute a bill of exceptions.

It requires the certificate of the trial judge to make it a completed bill. Hence a certificate merely reciting that such longhand report was filed is not sufficient to show that the bill of exceptions was filed. *Hoffman* v. *Isler* (1912), 49 Ind. App. 284, 97 N. E. 188; *Fairbanks* v. *Warrum* (1914), 56 Ind. App. 337, 104 N. E. 983, 1141. We note that certain file marks of the clerk of the trial court appear on the back of various pages of the alleged bill of exceptions containing the evidence, some bearing a date prior and some bearing a date subsequent to the day on which the trial judge attached his certificate thereto, but it is well settled that the filing of a bill of exceptions cannot be shown on appeal by the file mark of the clerk thereon alone. *Rector* v. *Druley* (1909), 172 Ind. 332, 88 N. E. 602. For the reasons stated we hold that the alleged bill of exceptions containing the evidence is not a part of the record.

But, aside from the question of filing, there is still another reason why such bill of exceptions cannot be considered as being a part of the record. It appears that the transcript in question was prepared in pursuance of a written praecipe, which, after entitling the cause, is addressed to the clerk of the trial court in the following words: "You are directed to make out a complete transcript of all the pleadings, entries and orders made and entered of record in the above entitled cause." It will be observed that this praecipe does not call for a transcript of the entire record, but for only such portions thereof as are properly designated as pleadings, orders and entries. Pleadings in a cause are the

formal statements by the parties of their respective claims and defenses. 21 R. C. L. 436; *Kilpatrick-Koch, etc., Co.* v. *Box* (1896), 13 Utah 494, 45 Pac. 629; *Paxton* v. *State* (1899), 59 Neb. 460, 81 N. W. 383, 80 Am. St. 689. In its broadest sense, the word "pleadings" includes all proceedings from the complaint until issue is joined. 31 Cyc 46; *Merrill* v. *Pepperdine* (1893), 9 Ind. App. 416, 36 N. E. 921. An order of court has been defined as a judgment or conclusion of the court on any motion or proceeding by which affirmative relief is granted or relief is denied. 20 R. C. L. 512; 29 Cyc 1514; *Fisher* v. *McKeemie* (1914), 43 Okla. 577, 143 Pac. 850, Ann. Cas. 1917C 1039, and note. The word "entry," as applied to judicial proceedings, is a statement of a conclusion reached by the court, or an act done during the progress of a cause, which is spread of record, and designed to furnish incontestable evidence of the matter stated. 15 Cyc 1055; 1 Black, Judgments §106. It thus appears that the language used in said praecipe, even under a liberal construction, does not fairly include a bill of exceptions containing the evidence. Under the well-settled rule that, where a written praecipe for a transcript is filed, calling for less than the entire record, only such papers and entries as are mentioned in said praecipe are properly a part of the record on appeal, we cannot consider the alleged bill of exceptions in determining any question which appellant has sought to present. *King* v. *Hoover* (1914), 57 Ind. App. 558, 105 N. E. 172.

Appellee has directed our attention to the fact that the alleged bill of exceptions is not preceded by an

introductory statement as to what it purports to be, and that it fails to show that it contains all the evidence. In view of the conclusion we have already announced, it will suffice to say with reference to the first alleged defect that, while it is not necessary that a bill of exceptions containing the evidence shall have any particular form of introduction, yet it should be preceded by a statement sufficient to identify it as a bill of exceptions. *Huston* v. *Cosby* (1895), 14 Ind. App. 602, 41 N. E. 953.; *Jenkins* v. *Wilson* (1895), 140 Ind. 544, 40 N. E. 39; *Knickerbocker Ice Co.* v. *Lewis* (1903), 160 Ind. 494, 67 N. E. 188. As to the second alleged defect we need only say that it has been repeatedly held that, in order to have the evidence considered on appeal, the bill of exceptions in the record must show that it contains all the evidence. *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109. N. E. 47.

It is also contended that appellant's brief does not comply with the rules, but under the circumstances it will suffice to state that this contention in part is well taken. In view of the fact that the only error assigned is the action of the court in overruling the motion for a new trial, and that the only grounds therefor alleged therein require a consideration of the evidence, which we have held is not in the record, there is nothing presented for our consideration. *Shull* v. *Dunten* (1916), 62 Ind. App. 602, 113 N. E. 381; *Fort Wayne, etc., Traction Co.* v. *Kumb* (1917), 64 Ind. App. 529, 116 N. E. 309. Under these circumstances the judgment must be affirmed.

Judgment affirmed.